PEOPLE ex rel. BAKER et ux. v. DEPARTMENT OF HEALTH OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

HEALTH (§ 34*)—RECORD OF BIRTHS—NAME OF CHILD—CORRECTION OF MISTAKE.
Greater New York Charter (Laws 1901, p. 522, c. 466) § 1237, requires physicians and professional midwives to keep a registry of births at which they have assisted professionally, which shall contain as near as can be ascertained the time of birth, name, sex, and color of the child, and names and residence of the parents, and to report it to the department of health within 10 days. Section 1240 requires the department of health to keep a record of births, stating such facts, among others, as fully as they have been received. Section 1241 provides that no alteration shall be made in the records of the bureau of records without approval of the commissioner of health. *Held*, that the name of a child should be acceptable to both parents, and where, on the day a child was born the mother, when asked by the attending physician, told him the name she intended to give the child, later, before she recovered from her illness, reiterated her intention, not knowing the purpose of the inquiry, the husband not being present on either occasion and not having been consulted by the physician, and the physician reported that name, and subsequently the parents decided in good faith upon a different name, by which the child was baptized and generally known, it never having been known by the other name, it was the duty of the commissioner of health to correct the record to conform to the baptismal name upon due application; the case not being an attempt to change the child's name, necessitating the procedure prescribed by Code Civ. Proc. §§ 2410–2415.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 34.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Edward Young Baker and wife, against the Department of Health of the City of New York. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE HOUGHTON, and SCOTT, JJ.

Theodore Connoly (Clarence L. Barber, on the brief), for appellant. T. Ludlow Chrystie, for respondents.

LAUGHLIN, J. The petitioners are husband and wife, and at the times in question they resided in the borough of Manhattan, New York. On the 15th day of July, 1906, a male child was born to them.

On that day the mother stated to the attending physician that she intended to name the baby Edward Young Baker, Jr., and on the 23d day of the same month she reiterated that intention to him; the statement on each occasion having been made in answer to a question put by him. On the latter date the physician made a record of the birth of the child on his registry, and forwarded a certificate thereof to the department of health, and in it stated the name of the child as thus given to him by the mother. The father was not present on either occasion, and he was not consulted by the attending physician with respect to the name of the child. It does not even appear that the mother knew the purpose of the inquiry, or that the physician intended to state the name of the child in the certificate of birth. It does appear that the mother had not sufficiently recovered from her illness to discuss the name of her child with her husband until some three weeks after his birth, when they decided to name him William Henry Baker, since which time he has been known by that name, and was baptized and christened by that name on the 22d day of March, 1908, at St. Andrews Church, Harlem. On the 30th day of August, 1908, the relators had another son born to them, whom they named Edward Young Baker, Jr., and he was so named in the certificate of birth filed with the department of health. The relators subsequently petitioned the commissioner of health to correct the record with respect to the name of the first child mentioned to conform to his baptismal name; but he denied their application, and then they instituted this proceeding to obtain that relief.

The only point made by the learned counsel for the appellant is that this is an attempt to change the name of the child, and that the provisions of the Code of Civil Procedure, §§ 2410–2415, afford the exclusive remedy. We are of opinion that this is not the case of a change of name within the contemplation of the provisions of the Code of Civil Procedure relating to changes of names of individuals. By section 1240 of the Greater New York Charter (Laws 1901, p. 523, c. 466) the department of health is required to keep a record of births, which "shall state the place and date of birth, the name, sex, and color of the child, residence and birthplace of parents, occupation of the father, and the maiden name of the mother, as fully as they have been received, and the time when the record was made"; and section 1241 of the same charter provides that:

"No change or alteration shall at any time be made in any of the records in the said bureau of records of the said city without proof satisfactory to and upon the approval of the said commissioner of health."

It is the duty of physicians and professional midwives "to keep a registry of the several births in which they have assisted professionally, which shall contain, as near as the same can be ascertained, the time of such birth, name, sex, and color of the child, the names and residence of the parents, and to report the same within ten days to the department of health." Greater New York Charter, § 1237. The only real objection, according to the record, made by the department of health, is one of convenience; it being claimed that applica-

tions of this nature have become very numerous, and that, if they are granted freely, it will result in serious mutilation of the records.

It is manifest that mistakes and inaccuracies will inevitably occur with respect to the names of children and of their parents, and of the other facts required to be stated in a certificate of birth and entered of record in the department of health, and it may be a matter of great importance to the individual concerned to have these records corrected to avoid embarrassment with respect to paternity, the inheritance of property, and marriages. The name of a child should be selected by and be acceptable to both parents. The parents never decided upon the name contained in the certificate of birth for this child. There is nothing to indicate that the parents have not acted in good faith. They did not first give the child one name and then change it. They only once named their son, and that occurred as soon as the mother was able to confer with her husband on the question of selecting a name. Both parents agreed upon the name by which the child was subsequently baptized, as is shown by the certificate of baptism presented, and the child was never known by the name recorded in the records of the department of health.

Authority is conferred by the provisions of section 1241 of the charter, herein quoted, upon the commissioner of health to correct the records; and where a mistake has thus been made it should be corrected by him on due application. The material facts were duly presented to him and no question is raised in this regard. We have no doubt that in this particular case the commissioner would have corrected the records, were it not for the fact that he thought that it would be establishing a precedent, and on account of the number of applications and the extent to which the records may be altered, if these applications be granted, he evidently desired a ruling by the court upon his authority and duty in the premises. We are of opinion that the commissioner was authorized to make the correction, and that it was his duty to make it.

It therefore follows that the order should be affirmed, with $10 costs and disbursements. All concur.