---

In re COSS.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

MORTGAGES (§ 316*)—SATISFACTION—REINSTATEMENT OF MORTGAGES.

A proceeding by petition, instead of an action in equity, to restore mortgages erroneously discharged of record, will be dismissed for lack of jurisdiction, as being unauthorized by statute, and an evasion of the requirement of Const. art. 6, § 3, that testimony in equity cases shall be taken in like manner as the cases at law.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 316.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Rensselaer County.

Petition by Charles M. Coss to cancel the satisfaction of mortgages and restore a lien of priority on certain lands in Rensselaer county. From an order made at the Special Term of the Supreme Court, granting the petition, Henry De Freest, as executor of Richard De Freest, deceased, appeals. Reversed, and proceedings dismissed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

John Scanlon, for appellant.

Andrew P. McKean (J. K. Long, of counsel), for respondent.

SMITH, P. J. Charles M. Coss was the owner of certain land in the city of Troy, upon which were two mortgages which had been executed by him and thereafter purchased by him with moneys belonging to his son, Harry G. Coss. The assignments were taken to him as general guardian of said Harry G. Coss. After the said Harry G. Coss became of age, these mortgages were satisfied by the recording of satisfaction pieces executed by Charles M. Coss as general guardian, and also by Harry G. Coss. The satisfaction of these mortgages is claimed to have been made for the purpose of raising money upon a new mortgage thereafter executed by Charles M. Coss, for the payment of the moneys due to Harry G. Coss from his father as his general guardian. After the satisfaction of the two mortgages aforesaid it transpired that there was a judgment against Charles M. Coss, owned by this appellant, which was a subsequent lien to these two mortgages, and which by their cancellation became the first lien upon the property. The mortgagee in the mortgage subsequently executed withheld from the amount of moneys secured by the mortgage a sufficient sum to protect him from this judgment. Thereupon Charles M. Coss, together with Harry G. Coss and this mortgagee, petitioned the court for leave to have restored the lien of the two mortgages which had been satisfied, on the ground that they were satisfied by reason of the ignorance of Harry G. Coss of their existence, and of the forgetfulness of Charles M. Coss that such judgment was a lien upon the premises. The order here appealed from restores the said two mortgages as liens prior to the appellant's judgment.

The granting of the order is challenged upon the merits; but this ground of challenge it is unnecessary to consider, in view of our conclusion that this relief cannot be obtained by petition. The general jurisdiction of our Supreme Court to grant relief, both legal and equitable, must be exercised in accordance with certain prescribed procedure. That such relief could be given in an equity action in a proper case is unquestioned. In such an action, however, under the provisions of section 3 of article 6 of the Constitution, the testimony would be required to be taken in like manner as in cases at law. Under that section it has been held that a court has no power in an equity case to make a compulsory order directing testimony to be taken before a referee and the cause to be brought to trial upon the pleadings and evidence so taken. Farmers' National Bank of Malone v. Houston, 44 Hun, 567. Nor is it possible that this constitutional protection

given in an equity action may be evaded by proceeding through petition for the same relief. In the Matter of the Petition of Livingston, 34 N. Y. 556, the general rule was stated:

"As a general rule, petitions can only be presented in an action already commenced, or in a matter over which the court has jurisdiction by some act of the Legislature or other special authority."

This rule of procedure is again stated in the Matter of King, 42 Hun, 607. This proceeding is sought to be justified as a special proceeding, as defined by the Code. In 1 Cyc. p. 722, it is said:

"The greater portion of the remedies which are special under the Code provisions here discussed are statutory remedies. * * * But there are some anomalous remedies, which antedated the Code and have survived the changes made by it, and these are also special proceedings."

There is a singular absence of authority as to the right to proceed by petition. This must arise, however, from the general acceptation of the rule that the relief of the nature here asked can only be obtained by an action, unless by reason of some special statutory permit, or unless in a matter of which the court has special cognizance. All trusts are under the general supervision of the court, for which reasons proceedings for their enforcement or regulation may be summary. The judgments of the court are always under its control, for which reason a special proceeding is authorized to reinstate a judgment. Mortgages, however, are in no sense under the control of the court, any more than contracts. If this proceeding be authorized, I can see no reason why a party cannot proceed in the same way to obtain the specific performance of a contract. The order must be reversed, therefore, for lack of jurisdiction of the proceedings instituted.

Order reversed, with costs, and proceedings dismissed, with costs as in an action. All concur.