### In re BLOOM.   ISELIN v. KOCH.   KRAM v. SAME.

(Supreme Court, Special Term, Kings County.   May 29, 1913.)

JUDGMENT (§ 297*)—LIEN—MEMORANDA ON DOCKET—ORDER BY COURT.

    As the county clerk, in entering judgments of the Supreme Court and keeping a docket thereof, acts as clerk of the court, it has inherent power over the docket, as it has over the judgment; and so, the Bankruptcy Act preventing a judgment against a bankrupt, docketed after the filing of the involuntary petition in bankruptcy, becoming a lien on property of the bankrupt, such court can, on summary application, make orders declaring that fact and directing the clerk to mark the docket book accordingly.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 581, 584–586; Dec. Dig. § 297.*]

Motions by Samuel Bloom relative to the lien of judgments in the two cases of Iselin v. Koch and Kram v. Koch.   Order made.

Jones, McKinney & Steinbrink, of Brooklyn, for the motion.

BENEDICT, J.   These motions, which were not opposed, were denied by me, because no authority was presented showing that the court had power to grant them.   No order has been entered, and I have been asked to reconsider my decision.

The purpose of the motions was to suspend and discharge the lien of certain judgments, so far as the same affected a leasehold belonging to the judgment debtors, which had been sold by a trustee in bankruptcy of the said judgment debtors pursuant to an order of the District Court of the United States.   I have not been referred to any statutory authority for granting this application.   It does not come within the provisions of section 150 of the Debtor and Creditor Law (Consol. Laws 1909, c. 12), formerly section 1268 of the Code of Civil Procedure; for that section applies only where the bankrupt has been discharged from his debts, which is not the case here.

---

It is contended, however, that the court has inherent power to make such an order as is sought. Since my decision above referred to was rendered, the Appellate Division in the First Department has handed down a decision which seems in some measure to define the court's power with respect to records in the office of the county clerk. Matter of Conrad, 155 App. Div. 590, 140 N. Y. Supp. 630. The case cited was an application to·cancel the revocation and annulment of a physician's license to practice. It was held that the Supreme Court had no power to grant the application. The Appellate Division, by Laughlin, J., said:

"The Supreme Court has no authority upon a summary application over the county clerk, excepting in so far as he acts under the Constitution and law as clerk of the court, and manifestly in filing the certificate of annulment and marking the registration of the license as required by the statute he was not acting as clerk of the court. The Constitution (article 6, § 19) provides that the clerks of the several counties 'shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law.' The provisions of the statute to which reference has been made, requiring the county clerk to file the certificate and mark the registration, were enacted pursuant to authority conferred upon the Legislature by the Constitution to impose duties upon the county clerk, other than those required of him as clerk of the Supreme Court. The Supreme Court has no jurisdiction or authority over the county clerk, by which it can require him to mark or otherwise interfere with a record which he is required by statute to make or keep, not in his capacity as clerk of the court, but as a public officer of the county, excepting in so far as it acquires jurisdiction by some action or legal proceeding known to the law, or by express authority from the Legislature. Matter of Coss, 144 App. Div. 832 [129 N. Y. Supp. 425], appeal dismissed 204 N. Y. 662 [97 N. E. 1103]; Matter of Petition of Livingston, 34 N. Y. 555; Matter of King, 42 Hun, 607; see also Matter of Black, 150 App. Div. 532 [135 N. Y. Supp. 504]."

In entering judgments of the Supreme Court and keeping a docket thereof, the county clerk undoubtedly acts as clerk of the Supreme Court, and for this reason the court has inherent power over the docket, just as it has over the judgment itself. The court cannot, of course, arbitrarily destroy the lien of a judgment, which is a property right, acquired under section 1251 of the Code of Civil Procedure. It must proceed in the exercise of its discretion to open a default, or upon circumstances appearing to show the irregularity or invalidity of the judgment, or in pursuance of some statutory authority. But if the Bankruptcy Act operated, as I think it did, to prevent the judgments in the case at bar, which were docketed after the filing of the involuntary petition, from becoming liens on· the lease in question, the court has power, in my opinion, to make orders declaring that fact and directing the county clerk to mark the docket book accordingly.

Present orders in accordance with this memorandum.