Matter of the Application of ANDERS ANDERSON BJUNE
to Amend a Public Record.

(Supreme Court, Kings Special Term, November, 1919.)

Motions and orders — when motion directing clerk of city of
New York to amend a marriage license may not be granted —
statutes.

> A motion directing the clerk of the city of New York to
> amend a marriage license so that it will correctly state the name
> of the applicant, may not be granted in the absence of statutory
> authority.

APPLICATION requiring the city clerk of New York
to amend a marriage license.

Edgar T. Beamish, for motion.

No appearance in opposition.

BENEDICT, J.  This application is to require the city
clerk of the city of New York to amend a marriage
license and the record thereof in his office so as to cor-
rectly state the name of the applicant.  The applicant
alleges that his true name is Anders Anderson Bjune,
but that at one time for convenience he was custom-
arily known as Anders Anderson, and that his mar-
riage license was obtained under that name.  It would
appear from the moving affidavit that in applying for
the license he gave his name as Anders Anderson, and
not as Anders Anderson Bjune.  If so, there was, of
course, no mistake made in issuing and recording the
license in the city clerk's office.  It was the applicant's
mistake in not giving his true name.

The application was not opposed, but I am con-
strained to deny it, because I think this court, in the

absence of statutory authority, has no power on a motion to direct the correction of records in the office of the city clerk. See *Matter of Conrad,* 155 App. Div. 590; *Matter of Bloom,* 142 N. Y. Supp. 447; *Matter of Ruderman,* N. Y. L. J. Jan. 21, 1914; *Matter of Goodman,* Id. July 23, 1918; *Ellis* v. *Chapman,* Id. May 13, 1919. In *People ex rel. Baker* v. *Department of Health,* 131 App. Div. 693, a different situation was presented; for there the health commissioner had power by statute to correct his records, and a mistake had been made by the attending physician in giving the name of a child in a birth registration without the consent of both parents. There it was held that there was a remedy by mandamus.

I have not been referred to any statute nor have I been able to find any giving this court authority to make the order applied for.

Motion denied.