In the Matter of the Petition of HARRY LEE ZIEGLER, to Amend the Official Report of the Chief Medical Examiner of the City of New York, and Official Reports Connected Therewith, in Order to Determine the Cause of Death of HELENA M. ZIEGLER, Deceased.

Supreme Court, New York Special Term, January, 1924.

**Municipal corporations — public records — when court has no power to alter records of chief medical examiner of city of New York — motion for order amending reports to chief medical examiner denied for want of power.**

When the records of the chief medical examiner of the city of New York, relating to deaths as to which there is in the judgment of the medical examiner in charge any evidence of criminality, have been forwarded to the district attorney, they are essentially confidential, and in the absence of statutory authority the court has no power, on a motion, to amend, alter or change them, and this is so even if they were public records.

Upon an investigation by the police officials and the medical authorities of the city of the tragedy by which a girl and a man came to their death while alone in the private office of the latter, the girl was found dead and the man in a dying condition, unable to speak, and the conclusion reached was that the girl shot the man and then committed suicide. The parents and relatives of the girl from an investigation subsequently made by them came to the conclusion

that the man, after killing the girl, committed suicide. Many of the most important facts to sustain such an inference were controverted and denied by the sworn affidavits of the public officials and the testimony submitted in opposition to a motion for an order amending certain reports made to the chief medical examiner of the city, relating to the cause of the death of the man and of the girl. *Held,* that the motion will be denied for want of power to grant it, upon the ground that the court will not order to be done that which is not required by law.

APPLICATION to amend official report of chief medical examiner of the city of New York.

*Charles E. Le Barbier,* for petitioner.

*George P. Nicholson,* corporation counsel (*Joseph I. Berry* and *F. E. V. Dunn,* of counsel), opposed.

BURR, J. This is an application to amend the following reports made to the chief medical examiner of the city of New York: 1. Report of Benjamin Morgan Vance, assistant medical examiner, dated March 30, 1923, by stating the cause of death of Frederick W. Burnham to be " suicide " instead of " homicidal," as stated in said report. 2. Report from Bellevue Hospital by House Surgeon Paul F. Russell, dated March 30, 1923, be amended so as to correct the statement " said to have been shot by a woman who later shot and killed herself." 3. Report from police department, dated March 29, 1923, be amended by stating " that the shot that killed Frederick W. Burnham was suicidal and that the shot that killed Helena M. Ziegler was homicidal on the part of Frederick W. Burnham." 4. Report of G. L. Moench, assistant medical examiner, dated March 29, 1923, be amended by stating Helena M. Ziegler was killed by Frederick W. Burnham. 5. Report of Benjamin Morgan Vance, assistant medical examiner, dated March 30, 1923, be amended by stating Helena M. Ziegler was killed by Frederick W. Burnham. The petition is made by Harry Lee Ziegler, father of Helena M. Ziegler, and he now moves that such medical reports and examinations be " amended to determine the cause of death of Helena M. Ziegler, for the purpose of correcting certain official records that have been given in relation to the same and more particularly referred to and set out in said petition in order to determine the true cause of death of Helena M. Ziegler, on the ground that the official reports heretofore filed herein with the public authorities may be corrected to show the true facts in the case and that such an investigation of the essential facts set forth may be examined into and corrected as in justice to the memory and name and character of the said Helena M. Ziegler, daughter of said Harry Lee Ziegler, the petitioner, may be proper in order to clear her name from any stigma that may attach

thereto by reason of the erroneous facts set forth in the official reports." Sections 1571, 1571-a, 1571-b, 1571-c and 1571-d of the charter prescribe the procedure, duties and the powers of the chief medical examiner in relation to violent and suspicious deaths. Section 1571-c provides, as to the keeping of records, as follows: " It shall be the duty of the office of medical examiner to keep full and complete records. Such records shall be kept in the office, properly indexed, stating the name, if known, of every such person, the place where the body was found and the date of death. To the record of each case shall be attached the original report of the medical examiner and the detailed findings of the autopsy, if any. The office shall promptly deliver to the appropriate district attorney copies of all records relating to every death as to which there is, in the judgment of the medical examiner in charge, any evidence of criminality. All *other* records shall be open to public inspection as provided in section 1545. The appropriate district attorney and the police commissioner of the city may require from such officer such further records and such daily information as they may deem necessary." The reports of the police department made by police officers are not public records. Greater N. Y. Charter, § 1545; *Matter of Egan*, 205 N. Y. 147, 157; *People ex rel. Woodhill* v. *Fosdick*, 141 App. Div. 450; *Matter of Ihrig* v. *Williams*, 181 id. 865; affd., 223 N. Y. 670. The records of the police department are specially exempted from the provisions of the statute requiring that copies of any book, paper or report may be obtained from the heads of all departments upon demand. Greater N. Y. Charter, § 1545. They are essentially confidential, relating to the apprehension and prosecution of criminals. This also is true of the records of the office of the medical examiner when they have been forwarded to the district attorney, as was done in the instant case. In the absence of statutory authority the court has no power on a motion to amend, alter or change records in the office of the chief medical examiner of the city of New York. *Matter of Molineaux* v. *Collins*, 177 N. Y. 395; *People* v. *Mills*, 178 id. 274, 287; *Matter of Bjune*, 109 Misc. Rep. 247. And this would be true even if the reports and records were public records. The courts are not empowered to change, alter or amend a public record unless provided for by statute. There is no statute which provides that the courts shall have supervision over these reports and power to amend them. The court would then be doing the work of the public officers charged by law with that duty, and the reports would then be made by the court. The application is not made in accordance with any special statute or in accordance with the Civil Practice Act. No mandamus is asked for. There is, there-

fore, no authority for making the application. Even if the application could be regarded as an application for a mandamus order, such order will issue only to compel a public officer to perform a duty imposed by law. *Matter of Dental Society* v. *Jacobs*, 103 App. Div. 86; *Matter of Bianco* v. *Austin*, 204 id. 34, 37; *People ex rel. Joyce* v. *York*, 27 Misc. Rep. 658. The acts which the petitioner desires to be done are not required by law to be performed by any public officer, and, therefore, the court will not order to be done that which is not required by law to be done. The tragedy by which Helena Ziegler and Frederick W. Burnham came to their death occurred while they were alone in the private office of the latter. The police officials and the medical authorities were called in at once. The girl was dead; the man was dying, unable to speak. The officers made their examination, took photographs of the office and of the body of the young woman. As the result of such examination and investigation then made they came to the conclusion that Helena Ziegler shot Burnham and then committed suicide. The parents and relations of the girl, from investigation subsequently made by them, have come to the conclusion that Burnham killed Miss Ziegler and then committed suicide. Many of the most important facts relied on by the petitioner to sustain this deduction or inference are controverted and denied by the sworn statements of the public officials in the affidavits and testimony submitted in opposition to this motion. The court, upon motion, will not determine whether Helena M. Ziegler was guilty or innocent of the murder of Frederick W. Burnham. I have not been referred to any statute, nor have I been able to find any, giving this court authority to make the order applied for. Motion denied.

Ordered accordingly.