THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NOVELLA ENGLISH, Defendant.

Court of General Sessions of County of New York, September 26, 1940.

*Thomas E. Dewey,* District Attorney [*George P. Monahan,* Deputy Assistant District Attorney, of counsel], for the plaintiff.

*Sydney R. Snitkin,* for the defendant.

BOHAN, J. The motion of the defendant, charged with homicide, for an order pursuant to section 5-a of the Public Health Law, directing the chief medical examiner of New York city to permit her to inspect records relating to the death of the victim of the killing has already been denied. The defendant now seeks reargument of that motion. No notice either of the original motion nor of this motion for reargument was served on the medical examiner.

The provision under which the defendant proceeds — section 5-a of the Public Health Law — has no application to the records of the medical examiner in New York city; the law thereon is to be found in the New York City Charter. By express provision, records maintained by that official, once turned over to the district attorney, as they have been herein, are essentially confidential and are not available for inspection. (New York City Charter, § 879. See *Matter of Ziegler,* 122 Misc. 351, 353.)

Considering the application on its merits — even as a motion for inspection of evidence in advance of trial — the result should be the same. *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24) is authority for the proposition that the trial court lacks the power to require a prosecutor to reveal to a defendant awaiting trial for homicide, among other items, the contents of written statements and memoranda prepared by the prosecutor's medical experts following a *post-mortem* examination of the victim.

Even if power to entertain it existed, however, reason dictates that the motion be denied in the exercise of discretion. The courts have already indicated the limits within which inspection will be granted. (See, *e. g., People* v. *Gatti,* 167 Misc. 545.) The autopsy records relate to matters which the prosecutor must establish upon the trial. (See *Commonwealth* v. *Bartolini,* 299 Mass. 503; 13 N. E. [2d] 382; certiorari denied, 304 U. S. 565; *Commonwealth* v. *Jordan,* 207 Mass. 259; 93 N. E. 809; 3 Warren on Homicide [Perm. ed.], p. 472.)

On reargument, motion for an order permitting the defendant to inspect or make a transcript of the causes of the death of Paul English, pursuant to section 5-a of the Public Health Law, and directing the chief medical examiner of the city of New York, and /or the State Commissioner of Health to permit the attorney for the defendant to obtain a transcript of the determining cause of the death of said Paul English, the pathological appearance and findings, and the diagnosis of the cause of death recorded by the medical examiner in his autoptic report denied, and original decision confirmed.