In the Matter of the Application of NOVELLA ENGLISH, Petitioner, for an Order Directing Hon. OWEN W. BOHAN, Judge of the Court of General Sessions, Respondent, to Issue an Order Permitting the Petitioner to Inspect the Autopsy Report of the Death of PAUL ENGLISH.

Supreme Court, Special Term, New York County, November 13, 1940.

*Sidney R. Snitkin* for the petitioner.

*Thomas E. Dewey, District Attorney* [*Stanley H. Fuld* and *Irving Slonim* of counsel], for the respondent.

*William C. Chanler, Corporation Counsel* [*M. Camper O' Neal* and *David Reich* of counsel], as *amicus curiæ*.

MCLAUGHLIN, J. This petitioner seeks an order directing a judge of the Court of General Sessions to issue an order permitting the petitioner to inspect the autopsy report of the death of one

Paul English. The moving papers claim that section 5-a of the Public Health Law requires that such permission be given.

The papers reveal that Novella English was indicted in the Court of General Sessions for manslaughter in the first degree for killing Paul English. Previously, a motion was made for this basic relief in that court and denied. That determination was adhered to upon motion for reargument (*People* v. *English,* 175 Misc. 751). In deciding this motion it must be first observed that the Court of General Sessions properly decided the application. The statute that is controlling is section 879 of the New York City Charter. Here we have a charge of the crime of manslaughter in the first degree. The chief medical examiner, pursuant to his duty, found evidence of criminality and delivered the autopsy record to the district attorney of New York county. This statute says that " such records shall not be open to public inspection." Section 5-a of the Public Health Law has no application. It relates solely to records of coroners of this State. The office of coroner was abolished in New York city in 1915 (Laws of 1915, chap. 284). The chief medical examiner is not a substitute for a coroner. (*Matter of Senior* v. *Boyle,* 221 N. Y. 414.) Although it is clear that there is no conflict between the two laws (N. Y. City Charter, § 879, and Public Health Law, § 5-a), even if there were the provisions of section 879 of the Charter would control for it essentially modifies that part of the Public Health Law which is inconsistent with it. It necessarily follows that the Court of General Sessions was correct in its ruling.

An important question must also be determined as to the status of this motion in this court which seeks to review the decision of another court of competent jurisdiction. Assuming *arguendo* that section 5-a of the Public Health Law applies, the petitioner is limited to an application to a court of record or a justice of the Supreme Court. The choice has been made. This court should not, even if the statute warranted such application, except in rare instances, review the judicial act in the determination of the motion as made by the General Sessions. The ordinary method of review is upon the appeal from any judgment of conviction. The court moreover properly exercised its discretion even if the former application be considered one to obtain the right to inspect documents before trial. (*People ex rel. Lemon* v. *Supreme Court,* 245 N. Y. 24.)

While the remedy by mandamus is a salutary one and should not be abridged, it may not be invoked in a case like this where the petitioner has a remedy in another court which was invoked and which was properly denied. The discretion of this court should not be so exercised. (*Matter of Haydorn* v. *Carroll,* 184 App. Div. 151; appeal dismissed, 225 N. Y. 84.) Motion is denied.