**668**

In the Matter of THOMAS CRADOCK HUGHES, as Acting District Attorney of Kings County, Petitioner, against COUNTY COURT OF KINGS COUNTY and SAMUEL S. LEIBOWITZ, a Judge of the County Court of Kings County, Respondents.

Supreme Court, Kings County, May 22, 1943.

*Thomas Cradock Hughes, Acting District Attorney (Henry J. F. Davey* and *Julius Helfand* of counsel), for motion.

*Nathaniel L. Goldstein, Attorney-General (Theodore D. Ostrow* of counsel), opposed.

*Leo Healy* for Vincent Sollami, defendant in People **v.** Sollami.

HOOLEY, J. Motion by the District Attorney of Kings County for an order of prohibition directed to Honorable SAMUEL S. LEIBOWITZ, a Judge of the County Court of Kings County, restraining him from any further proceedings with reference to a motion pending before him, made by a defendant, to direct the People of the State of New York to set forth, as and for a bill of particulars, (a) a copy of the medical examiner's report of the death of Joseph Miccio and (b) a copy of the report of the ballistics bureau of the Police Department of the City of New York, with respect to a certain bullet or bullets found in the body of the deceased, and further restraining him from acting as he indicated he would act in deciding a motion, if made, to permit an examination of such bullets and gun in the case. It is set forth in the petition that upon the argument of the motion before him, the learned County Judge granted the item as to the medical report, denied the request concerning the ballistic report and indicated that he would grant an application, if made, to permit an examination of the bullets and gun. The defendants are charged with the crime of murder in the first degree for the killing of Miccio, a police officer of the City of New York. Following the suggestion of the County Judge, a formal motion for discovery and inspection of the bullets and weapon has now been made.

Two important questions are here presented: first, as to the power, authority and jurisdiction of the County Court to grant the relief sought, and second, as to the power of the Supreme Court to issue the order of prohibition, if the relief sought by defendants, or any part thereof, is, in the opinion of this court, beyond the power of the County Court.

Of course, if the relief sought, or any of it, is a discretionary matter within the power of the County Court, there is no jurisdiction in the Supreme Court to interfere therewith in any manner.

Taking up first the power, authority and jurisdiction of the County Court to direct the District Attorney to furnish a copy of the report of the medical examiner, it is to be noted that under section 879 of the New York City Charter (1938), the medical examiner's report to the District Attorney is a record which shall not be open to public inspection, and it is clearly indicated that the same was intended to be confidential in its nature.

As was said by Judge BOHAN in *People* v. *English* (175 Misc. 751, 752) in reference to the medical examiner's report: " By express provision, records maintained by that official, once turned over to the district attorney, as they have been herein, are essentially confidential and are not available for inspection."

Apart from this statutory prohibition with reference to the inspection of the medical report, a consideration of the subject of discovery and inspection clearly demonstrates that the granting of this relief is not within the power of the County Court.

In civil cases such right is fixed by statute. It did not exist independently of statute in common-law cases. Indeed, it was not successfully asserted that in civil cases any inherent power existed in the courts to grant such discovery and inspection. The courts in civil cases denied the existence of any such inherent power. Thus came the statutory authority to such civil courts which copied the form of relief which had theretofore been adopted by courts of equity.

With respect to discovery and inspection in criminal cases, the whole subject is almost as unsettled as when Judge CARDOZO wrote another of his brilliant opinions in the case of *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24). In that opinion, after reviewing the slow development of discovery and inspection in civil cases and the limitations thereof, Judge CARDOZO turned his attention to such procedure in criminal cases and wrote as follows (p. 29): " When we turn to criminal causes, we find a jurisdiction that is even more restricted. There are expressions of opinion that deny the jurisdiction altogether. There are others that seem to limit the disclosure to documents that are the subject of the charge, thus assimilating the practice to the jurisdiction in civil causes that was known at common law. Others concede or assume a broader jurisdiction, one adequate to prevent a failure of justice, yet narrower than discovery in equity or under the statutory substitute. Nowhere has there been a suggestion that the jurisdiction can properly

be extended to notes or memoranda in the possession of the prosecutor, but inadmissible as evidence either for prosecution or for defense."

Even in civil cases where, through the years, the remedy of discovery and inspection has been in use, the courts have limited such inspection to documents that were themselves evidence. (*Falco* v. *N. Y., N. H. & H. R. R. Co.*, 161 App. Div. 735.)

Therefore, once it is decided that the medical report is not admissible as evidence in the case, then it follows under the above decision that there is no jurisdiction in the County Court to grant an inspection of the medical report.

In *People* v. *English* (175 Misc. 751, *supra*) a motion was made for a discovery and inspection of the report of a medical examiner and such motion was denied. In *Matter of English* v. *Bohan* (175 Misc. 930) the above ruling was approved by Mr. Justice McLaughlin.

Let us now consider, apart from section 879 of the New York City Charter (1938), whether the medical report is admissible in evidence. Notwithstanding recent decisions permitting in evidence certain scientific determinations made by physicians in the regular course of business, which decisions have often had the effect of admitting a determination so made, without the opportunity being given for the cross-examination of the physician making such determination, such decisions, in the opinion of this court, are not broad enough to permit the medical examiner's report in this case to be received in evidence. A defendant upon trial for his life might be seriously prejudiced by being confronted upon the trial with such a report, with no opportunity to cross-examine the physician who made it or to offer any evidence to contradict it, he not having had the opportunity to be represented at the autopsy. The rule with regard to the admissibility in evidence of diagnoses and other scientific determinations made by physicians ought not to be extended to the situation here presented.

Insofar as the medical examiner's report is concerned, it is clear that it is not admissible evidence. An order of the County Court making the medical examiner's report available to the defense would be, in the language of Judge Cardozo, "something more than error in the exercise of power. It is an assumption of power where none has been confided." (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 34, *supra*.)

The County Court properly denied that part of the motion which sought to obtain a copy of the report of the ballistics bureau of the Police Department of the City of New York.

Turning now to that part of the motion which seeks to prohibit the County Judge from permitting an examination of the bullets and the gun in the case, it will be noted that there is a substantial difference between an inspection of a medical report and an inspection and examination of the bullets and the gun. The latter are evidence in the case while the medical report is not. Upon the trial, the defendants' experts would be permitted to examine the bullets and the gun and to testify to their opinions in regard thereto, if the same were offered in evidence.

The Court of Appeals in the *Lemon* case left open the general question as to what inherent powers courts of criminal jurisdiction had in the matter of discovery and inspection, limiting the decision there to the facts in that case.

It was the generally accepted rule for years that the accused had no right to the inspection or disclosure of evidence in the possession of the prosecution. But that rule has been gradually relaxed. Rules of evidence are required by statute to be the same in criminal cases as in civil cases (Code Crim. Pro. § 392) and for this reason, perhaps, there is a greater disposition to seek discovery and inspection in criminal cases than formerly. Then, too, the decided cases in this and other jurisdictions evidence the increasing disposition of courts to conform this practice with respect to discovery and inspection to the practice of civil cases, by greater liberality with respect to these applications. In the *Lemon* case and in *People* v. *Gatti* (167 Misc. 545) the courts have discussed this liberalizing tendency. In *People* v. *Gatti* (*supra*) the court indicated its belief that in the absence of specific statutory procedure and practice or of legal precedents to the contrary, this class of motions for relief by way of discovery and examination should be left to the sound judgment of the court in the light of the existing circumstances. The court in that case cited decisions from various jurisdictions showing the relaxation of the old rule in criminal cases. In Bishop's New Criminal Procedure ([2d ed.] vol. 2, p. 771), the author recognizes a discretionary power in criminal courts to grant, in certain cases, an inspection before trial of something in the prosecution's possession.

In modern days, courts strive to see that justice shall prevail in a given case rather than that there shall be a slavish adherence to well-beaten tracks. Just as in civil cases, where

there originally was no discovery or inspection and that procedure developed through gradual evolution, there is now slowly being born a tendency to apply that procedure in certain proper cases in the criminal courts. There is no good reason why in a proper case, in the exercise of a sound discretion, the courts of criminal jurisdiction should not be permitted to make available to a defendant before trial, by discovery and inspection, legal evidence in the possession of the district attorney. The primary object of the criminal court is to render substantial justice and not to obtain a conviction. If there is anything about the bullets and gun which would tend to show the innocence of the defendants, they should have an opportunity to inspect the same in advance of the trial and not depend upon the hurried examination which would be permitted upon the trial. Of course, the judge of the criminal court is expected to exercise this power sparingly and in a proper case. He is expected to act in a judicial capacity with all its limitations and restrictions to the end that justice may be served, neither making the prosecution of an indictment a game between the district attorney and the defendant's attorney, nor making it easy for criminals to escape their just punishment.

Because the discovery and inspection of the bullets and gun are within the power of the court in the exercise of its discretion, this court denies that part of the motion which seeks to prohibit the Judge from acting on the application with reference to such bullets and gun.

One question remains and that is as to the power of the Supreme Court at Special Term to issue an order of prohibition to a Judge of the County Court of Kings County in a murder case, of which case the County Court and the Supreme Court have equal jurisdiction. In *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) the Court of Appeals quoted with approval the language of one of its own judges in a prior decision as follows: "The writ of prohibition is an extraordinary remedy for unusual cases, resorted to, not to correct errors, but in aid of substantial justice and to forbid the exercise of unauthorized power."

Having determined that there is no power or jurisdiction in the County Court to grant discovery and inspection of the medical report, the District Attorney has no remedy other than this. The order of the County Court, if made, is not appealable. The Supreme Court at Special Term is the court which has jurisdiction of applications of this nature in all cases except where the judicial officer sought to be restrained is a justice

of the Supreme Court, in which case application must be made to the Appellate Division of the Supreme Court (Civ. Prac. Act, § 1287).

The motion for an order of prohibition is granted insofar as it refers to the copy of the medical examiner's report. It is denied insofar as the motion refers to the bullets and the gun.