OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Petitioner, acting pro se, initiated this proceeding seeking relief pursuant to CPLR article 78, requesting judgment (1) declaring that respondent did not respond to petitioner’s Freedom of Information Law (FOIL) appeal in a timely man *1019 ner, and (2) directing respondent to turn over to petitioner those records sought in his original FOIL application.
Respondent cross-moves for the dismissal of the petition pursuant to CPLR 3211 (a) (7) and 7804 (f).
On June 14, 1989, petitioner was convicted of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, and was sentenced to three concurrent indeterminate terms of 25 years to life imprisonment. On January 21, 1991, petitioner made a FOIL application to the Office of the Chief Medical Examiner of the City of New York (OCME), seeking records from the investigation into the death of John Hunter, the man petitioner was convicted of killing. On February 15, 1991, the OCME denied petitioner’s request, citing Public Officers Law § 87 (2), which provides:
"Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
"(a) are specifically exempted from disclosure by state or federal statute;”
and New York City Charter § 557 (g), which provides: "The chief medical examiner shall keep full and complete records in such form as may be provided by law. He shall promptly deliver to the appropriate district attorney copies of all records relating to every death as to which there is, in the judgment of the medical examiner in charge, any indication of criminality. Such records shall not be open to public inspection.” The autopsy performed by the Medical Examiner’s office revealed that John Hunter died as a result of two gunshot wounds, one to the head and one to the body. The OCME certified that his death was a homicide, and, in accordance with New York City Charter § 557 (g), turned over its records to the Manhattan District Attorney’s office.
On February 22, 1991, petitioner appealed the denial of his FOIL request to respondent. Respondent upheld the denial on March 28, 1991.
Petitioner argues that he is entitled to access to these records under County Law § 677 (3) (b), which provides: "Upon proper application * * * of any person having a substantial interest [in the medical examiner’s records of an investigation], an order may be made by a court of record, or by a justice of the supreme court, that the record of that investiga *1020 tian be made available for his inspection, or that a transcript thereof be furnished to him, or both.” However, section 2 (a) of the County Law specifically provides that "This Chapter * * * shall not apply to a county wholly contained within a city, unless specifically so provided” and County Law § 677 (3) (b) thus is not applicable to petitioner’s request. The documents requested by petitioner of OCME and respondent are specifically exempt from disclosure by such parties under section 557 (g) of the New York City Charter which has the authority of State law and is "just as binding as the acts of the Legislature of the State of New York” (Matter of Mooney v Cohen, 272 NY 33, 38 [1936]).
Under the law, therefore, respondent’s denial of petitioner’s FOIL request was proper and is upheld.
Petitioner also argues that he should have access to these records because respondent did not respond to his FOIL appeal in a timely manner. However, this reasoning was explicitly rejected in Matter of Floyd v McGuire (87 AD2d 388, 390 [1st Dept 1982]).
The court has considered petitioner’s other arguments and finds them to be without merit.
Accordingly, the petition is denied; respondent’s cross motion is granted and the petition is dismissed.