■ MADELINE YVONNE TIMS, Individually and as Court Appointed Personal Representative of the Estate of ZACHARY TIMS, JR., Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [975 NYS2d 879]—

Order, Supreme Court, New York County (Cynthia Kern, J.), entered December 21, 2011, which denied plaintiff's motion seeking injunctive relief to bar defendant Office of the Chief Medical Examiner (OCME) from disclosing the cause and manner of death of her son, Pastor Zachery Tims, Jr., to the public, and granted the defendants' cross motion for summary judgment seeking a declaration that OCME may, upon inquiry,

release the cause and manner of death, unanimously affirmed, without costs.

The parties agree that this appeal turns on the meaning of New York City Charter § 557 (g), which concerns records kept by OCME for the City of New York. This statute states that "[t]he chief medical examiner shall keep full and complete records in such form as may be provided by law. The chief medical examiner shall promptly deliver to the appropriate district attorney copies of all records relating to every death as to which there is, in the judgment of the medical examiner in charge, any indication of criminality. Such records shall not be open to public inspection."

Plaintiff, in seeking to prevent the OCME from releasing the cause and manner of death of her late son, contends that the final sentence of the statute, stating that "[s]uch records shall not be open to public inspection," modifies the whole paragraph, meaning that no records of the OCME are open to public inspection.

This argument is unavailing. The motion court correctly held that the final sentence modifies its last antecedent (McKinney's Cons Laws of NY, Book 1, Statutes § 254), providing that records delivered to the Office of the District Attorney due to indicia of criminality are to be kept confidential (see e.g. Matter of Mitchell v Borakove, 225 AD2d 435 [1st Dept 1996], appeal dismissed 88 NY2d 919 [1996]; Matter of Assakaf v Arden, 210 AD2d 325 [2d Dept 1994]; Matter of Mullady v Bogard, 153 Misc 2d 1018 [Sup Ct, NY County 1992]; Matter of English v Bohan, 175 Misc 930 [Sup Ct, NY County 1940]), and that this sentence serves as no bar to the OCME releasing, upon public inquiry, the cause and manner of death in the cases it investigates.

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.