(27 Misc. Rep. 658.) .

PEOPLE ex rel. JOYCE v. YORK et al.

(Supreme Court, Special Term, New York County.   June, 1899.)

1. CRIMINAL LAW—HABITUAL CRIMINALS.
    Where one has been convicted of an assault, and served six months in
    the workhouse, has been frequently arrested, and habitually associates with
    criminals, the police commissioners are warranted in placing his photo-
    graph in the rogues' gallery.
2. MANDAMUS.
    Mandamus will not lie to compel the police commissioners to remove a
    picture from the rogues' gallery, as it is not a duty imposed on them by
    law.

Motion for peremptory writ of mandamus by William B. Joyce
against Bernard York and others, police commissioners.   Denied.

Michael J. Joyce, for relator.

John Whalen, Corp. Counsel (Terence Farley, of counsel), for re-
spondents.

TRUAX, J.   The application for a writ of peremptory manda-
mus must be denied.   The affidavits presented by the respondents
show that the petitioner has been convicted of an assault, and sen-
tenced to six months in the workhouse; that he has frequently been
arrested, and that he is an associate of criminals.   These facts are,
I think, sufficient to warrant the taking of his photograph, and
placing it in the rogues' gallery.   Prof. Tiedeman, in his treatise on
the Limitations of Police Power, at page 130, says:

"Another phase of police supervision is that of photographing alleged crim-
inals, and sending copies of the photographs to all detective bureaus.   If this
be directed by the law as punishment for a crime of which the criminal stands
convicted, or if the man is in fact a criminal, * * * there can be no con-
stitutional or legal objection to the act, for no right has been violated."

· The consolidation act of this city (section 282) defines the duties of
the police force of this city, which are, among other things, to preserve
the public peace, prevent crime, detect and arrest offenders, and pro-
tect the rights of persons and property.   One of the ways to prevent
crime and to protect the rights of persons and property is to know
who are habitual criminals, and the easiest way that such persons
can be recognized is by their photographs.   But it is well settled
that a mandamus will issue only to compel a public officer to perform
a duty imposed upon him by law.   There is no duty in respect to the
matter now before the court imposed upon the police commissioners.
If the police commissioners have wronged the relator at all, that
wrong is in the nature of a libel, for which he has an adequate remedy
at law.   Motion for a writ of mandamus denied, with costs.
.   Motion denied, with costs.