(41 Misc. Rep. 154.)

## In re MOLINEUX.

(Supreme Court, Special Term, Rensselaer County. June, 1903.)

1. PRISON RECORDS—PHOTOGRAPHS—MEASUREMENT OF CRIMINALS—SURRENDER
—MANDAMUS.

Where a person was convicted of murder, and while incarcerated in the
State Prison his photographs and measurements were taken, pursuant to
a statute, in accordance with the Bertillon system, the Superintendent of
State Prisons could not be compelled by mandamus, after the prisoner's
conviction had been reversed and he had been subsequently acquitted, to
surrender to him such photographs and measurements.

Application by Roland B. Molineux for a peremptory writ of mandamus to compel Cornelius V. Collins, Superintendent of Prisons of the State of New York, to surrender certain photographs and measurements taken of relator while incarcerated as a state convict. Application denied.

Scherer & Downs (R. G. Scherer, of counsel), for petitioner.

John Cunneen, Atty. Gen. (Sanford T. Church, of counsel), opposed.

HOWARD, J. The relator herein was convicted of the crime of murder in the first degree on or about February 10, 1900. Subsequently the Court of Appeals reversed the conviction, and a second trial resulted in the acquittal of the relator. While he was confined in the State Prison at Sing Sing, after having been convicted, his photographs and measurements were taken in accordance with the Bertillon system; and he seeks now to compel the Superintendent of State Prisons, by mandamus, to deliver such photographs and measurements to him.

In order to be entitled to mandamus, it is not sufficient to show want of right in the respondent. The relator must have a clear, legal right to that for which he seeks, but it has not been pointed out to me that he has any such right. The photographs and measurements were taken and made by full sanction of law. Section 40 of chapter 382, p. 511, of the Laws of 1889, provides that:

"He [the Superintendent of State Prisons] may also make rules and regulations for a record of photographs and other means of identifying each convict received in said prisons."

And section 1 of chapter 440, p. 401, of the Laws of 1896, provides that:

"The Superintendent of State Prisons shall cause the prisoners in the State Prisons therein confined at the time this act takes effect, and all prisoners thereinafter received under sentence to be measured and described in accordance with the system commonly known as the Bertillon method for the identification of criminals."

It is well settled that a mandamus will issue only to compel a public officer to perform a duty imposed upon him by law. No duty is imposed upon the Superintendent of State Prisons to surrender these photographs and measurements. At the time these photographs and measurements were taken the relator was both a convict and a prisoner, and there is no statute which requires the records

of the prison department to be surrendered upon reversal of the judgment making a person a convict and a prisoner.

The public convenience to be affected by the granting of this writ should also be considered. These photographs and measurements, like the other prison records, the information, the indictment, the minutes of the court, and in fact even the newspaper pictures and articles, all go to make up the inevitable track of the struggle for liberty of this relator from his arrest to his acquittal by a jury; and it seems to me that the photographs and measurements, if not the least harmful of all, are no more harmful to the reputation and character of this relator than the other records and traces of this conflict, and to undertake to blot or wipe out this track or record would be a public inconvenience if not an impossibility.

This subject has been twice considered (People ex rel. Joyce v. York, 27 Misc. Rep. 658, 59 N. Y. Supp. 418; Owen v. Partridge, 40 Misc. Rep. 415, 82 N. Y. Supp. 248), and I think properly disposed of. The motion for a writ of mandamus should be denied, with costs.

Motion denied, with costs.