JOHN J. ROUND vs. POLICE COMMISSIONER FOR THE CITY OF BOSTON.

Suffolk. November 19, 1907. — January 22, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Pawnbroker. Public Record. Words,* "Received for filing."

The record of the transactions of a pawnbroker required by R. L. c. 102, § 42, as amended by St. 1907, c. 211, to be furnished once a week to the licensing board or to any person designated by that board, is not a public record to which all persons may have access and of which they are entitled to be furnished with copies under R. L. c. 35, § 17.

A return made by a pawnbroker to a licensing board under R. L. c. 102, § 42, as amended by St. 1907, c. 211, is not within the definition of a public record in R. L. c. 35, § 5, which includes, among other things, any paper which any officer or employee of the Commonwealth or of a county, city or town has received or is required to "receive for filing."

PETITION, filed August 13, 1907, for a writ of mandamus directed to the police commissioner for the city of Boston, ordering him to allow the petitioner to inspect the records filed with the commissioner by pawnbrokers as required by the provisions of St. 1907, c. 211.

The answer of the respondent alleged, among other things, that the records sent to him pursuant to St. 1907, c. 211, are not public records, but are confidential records kept for the convenience of the respondent and for the purpose of assisting the police department for the city of Boston in the conduct of its affairs, and in detecting crime and apprehending offenders where crime has been committed, and are not such records as are open to the inspection of the public.

The case was heard by *Hammond*, J., upon the allegations of the petition and of the answer, and no testimony was offered by either party. The respondent waived any and all objections to the form of the proceeding and to the right of the petitioner to bring the petition. The justice ruled that the reports or records described in the petition, furnished to the respondent according to the provisions of St. 1907, c. 211, were not public records, and that upon the allegations of the petition the petitioner was not entitled, as a matter of law, to inspect the records. The justice ordered that the petition be dismissed; and the petitioner alleged exceptions.

*G. M. Poland*, for the petitioner.

*L. A. Rogers*, for the respondent, submitted a brief.

KNOWLTON, C. J. The only question presented by this case is whether the record of the transactions of a pawnbroker, required to be furnished to the licensing board once a week under the R. L. c. 102, § 42, as amended by the St. 1907, § 211, is a public record, to which all persons may have access, and of which they are entitled to be furnished with copies under the R. L. c. 35, § 17.

Before the enactment of the amendments just referred to, the R. L. c. 102, § 42, was as follows: "Every such pawnbroker shall keep a book in which, at the time of making such loan, shall be legibly written in the English language, an account and description of the goods, articles or things pawned or pledged, the amount of money loaned thereon, the time of pledging them,

the rate of interest to be paid on such loan, and the name and residence of the person pawning or pledging such goods, articles or things." Section 44 provides that, "said book shall, at all reasonable times, be open to the inspection of the mayor, of the members of the board of police, of the superintendent of police and deputy superintendents, of the chief inspector of police, of any member of the district police or of any person authorized by them in writing for that purpose who exhibits such written authority to such pawnbroker."

Section 44 remains unchanged, and its provisions show that the principal purpose of the book is to assist officers of the law in the detection of crime, and that it is not for use by the general public. Every person who pledges his property is protected by the stringent requirements of §§ 43 and 45 that the pawnbroker shall give him a memorandum or note, signed by the pawn-broker, containing a statement of the particulars of their transaction. Without some good reason, we should not expect that all transactions between borrowers and pawnbrokers should be opened to the reading of the whole community by being made a part of the public records. We think it plain that the record to be furnished under the St. 1907, c. 211, is for the information and use of the licensing board, and not to be placed on file for the information of the public. Most of these boards are the same that appoint and control the police department, and one object of the requirement doubtless is to have a record of the doings of all pawnbrokers more readily accessible to the police departments than by a visit to the books in the hands of the pawnbrokers. Another object of the statute is to have before these licensing boards information that may be used in passing upon applications for renewal of licenses.

The petitioner contends that such a paper, returned to the licensing board, is a public record under the R. L. c. 35, § 5, because it is a paper which an officer of the city has received or is required to receive for filing. An examination of this section shows that it relates to books, papers and maps which are intended for the use of the public. We are of opinion that the returns by pawnbrokers are not papers received for filing. There are statutes which require that certain papers be filed in the office of the city or town clerk, or in some registry, for inspection by

all persons interested.   Such papers are "received for filing," within the meaning of the statute; but the statute as to returns by pawnbrokers makes no provision for filing.   The licensing boards may preserve them in such a way as they choose.

*Exceptions overruled.*