(89 Misc. Rep. 584)

PEOPLE ex rel. SCWELLER v. PRENDERGAST, City Comptroller.

(Supreme Court, Special Term, New York County. March, 1915.)

RECORDS &#9750;14—PUBLIC RECORDS—RIGHT TO INSPECT GARNISHEE ORDERS—MANDAMUS.

    Where the sole reason for an application for a peremptory writ of mandamus requiring the comptroller of the city of New York to permit access to garnishee orders against the salaries of city employés on record in his office, and to permit extracts to be taken therefrom, is that such information may be useful to petitioner, a money lender, in the extension of credit to prospective customers, the application will be denied; such orders not being public records, within Greater New York Charter (Laws 1901, c. 466) § 1545, and General Municipal Law (Consol. Laws, c. 24) § 51, making public records subject to examination by the public, and it not being proper to make the comptroller's office a clearing house to assist a money lender in giving credit to city employés.

    [Ed. Note.—For other cases, see Records, Cent. Dig. §§ 13–18; Dec. Dig. &#9750;14.]

Application for mandamus by the People, on the relation of Anna Scweller, against William A. Prendergast, Comptroller of the City of New York. Writ denied.

John T. Loew, of New York City, for relator.

Terence Farley and George H. Cowie, both of New York City, for respondent.

COHALAN, J. Application for a peremptory writ of mandamus. The petitioner demands of the comptroller of the city of New York this information: (a) That she may have access to certain garnishee orders against the salaries of city employés on record in the comptroller's office; and (b) that she may be permitted to take extracts from such records. The sole reason for this unusual application is that the petitioner is a money lender, and that this information may be of use to her in the extension of credit to prospective customers. The petition reads:

"If the records in the paymaster's office were open, so that I could ascertain just what garnishee orders were on file in the office of the paymaster, I would know whether or not to extend credit."

There are now on file in the office of the city paymaster 2,700 garnishee executions. It is asserted on behalf of the city paymaster that this list of garnishee executions is nothing more nor less than a memorandum of persons employed by the city against whom judgments have been obtained; that these lists are made and kept for the sole purpose of facilitating the work of the employés of the city paymaster's office in making proper deductions from the salaries of city employés. It is significant that neither the relator nor any one else has ever been refused information with respect to a particular execution on file in the city paymaster's office. Under section 1545 of the Greater New York Charter and section 51 of the General Municipal Law, books and public records are subject to examination by the public, but the opposing papers herein show that these books are not public records. They are used merely to facilitate the proper transactions of the business of the office. When an execution is filed therein, it is not necessary to make an entry thereof in any book in the comptroller's office. The paymaster is required, under the terms of the execution, to follow the mandatory provisions of it, and deduct 10 per cent. of the judgment debtor's salary.

There are other reasons why this relief should be denied to the relator. The fact that persons have become impecunious, or through misfortune have become financially involved, so that judgments have been secured against them, is no reason why the utmost publicity should be accorded to that condition. To circularize or to post a list of such debtors in a money lender's office serves no useful purpose. Moreover, the general public does not desire to examine all of such lists. I fail to see where there could be any universal demand for such an inspection. The case of Matter of Egan, 205 N. Y. 147, 98 N. E. 467, 41 L. R. A. (N. S.) 280, Ann. Cas. 1913E, 56, held that the provisions of section 51 of the Municipal Law were as broad as the language used, and that there was no limitation to the right of the public to inspect books and papers, subject to reasonable limitations. In that case it was sought to obtain an inspection of the report made by engineers to the board of water supply. The information was refused, and an application was made to the board for a mandamus to compel an inspection of the reports, and a writ was granted. The facts in that case differ from the facts herein. In that case an absolute refusal was made of the request to inspect the reports. In this case no refusal has

been made by the comptroller of any request for information as to a particular paper or book. On the contrary, no request was ever made which was not granted. If the petitioner should specify any particular execution or memorandum of execution upon which she seeks information, it will be promptly furnished to her. The comptroller's office, however, may not be made a clearing house in order to assist a money lender in giving credit to city employés.

Motion is denied, with costs.