In the Matter of the Application of CHILDREN'S AID AND SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN OF ERIE COUNTY, NEW YORK, Petitioner, for a Mandamus Order against FRANK X. SCHWAB, as Mayor of the City of Buffalo, Respondent.

Supreme Court, Erie County, June 1, 1928.

Municipal corporations — power of mayor — peremptory mandamus directing mayor of city of Buffalo to revoke consent granted by him for appearance of five-year old child in speaking part in theatrical exhibition — Penal Law, § 485, bars employment of children under sixteen years of age in theatrical exhibition other than as musician — mayor was without authority to grant permit and mandamus order should issue — court has power to issue order to compel mayor to perform his duty.

Section 485 of the Penal Law does not vest in the mayor of any city or in the president of the board of trustees of any village the power or authority to issue a written consent to the employment of a child under the age of sixteen years in a theatrical exhibition except as a musician therein.

Accordingly, petitioner is entitled to a peremptory order of mandamus directing the mayor of the city of Buffalo to revoke a consent granted by him for the appearance of a five-year old child in a speaking part at a theatrical exhibition in one of the theaters in the city of Buffalo; the only character of employment permitted under the statute is that of musician and that must be by the consent of the mayor of the city or the president of the board of trustees of the village where the exhibition takes place.

Since the mayor of the city of Buffalo, pursuant to the charter of that city, is clothed with the power to maintain peace and good order, and enforce the laws, the Supreme Court has power to issue its order in the nature of a mandamus to the mayor to compel performance of his duties.

APPLICATION for a peremptory order of mandamus.

*Kenefick, Cooke, Mitchell & Bass* [*Fritz Fernow* and *Carlos C. Alden* of counsel], for the petitioner.

*Gregory U. Harmon, Corporation Counsel,* for the respondent.

LYTLE, J. This is an application for a peremptory order of mandamus directing the mayor of the city of Buffalo to revoke a certain consent granted by him for the appearance of Jeanne McMahon, a five-year old child, in the role of Little Willie in a speaking part in a theatrical exhibition to be held at one of the theatres during the week commencing May twenty-eighth and ending June second under which she is to participate in three matinees and six evening performances.

On May 23, 1928, Mrs. Pearl McMahon made an application to the mayor of the city of Buffalo for permission to allow or cause her daughter, Jeanne McMahon, age five years, to appear in a speaking part in a theatrical exhibition at a theatre in the city of Buffalo operated for profit; that notice of the application to the mayor was given to the Children's Aid and Society for the Prevention of Cruelty to Children of Erie County, N. Y., and said society within forty-eight hours objected in writing to the appearance of such child in the proposed theatrical exhibition and requested a hearing on said application and so notified the mayor of the city of Buffalo. The society, the petitioner herein, objected to the granting of the consent on the ground that the proposed appearance is in violation of section 485 of the Penal Law, and that the mayor has no power to grant a permit for a performance of this nature. A further objection was made on the ground that the child was too young and showed several signs of nervousness due to the kind of employment. The mayor, without granting a hearing on the application for the exhibition of said child, granted a written consent on the 28th day of May, 1928, for the appearance of said infant in a theatrical exhibition. It further appears that the petitioner herein has requested the mayor of the city of Buffalo to revoke the consent heretofore granted by the mayor of the city of Buffalo, but said mayor has refused to revoke his consent.

There seems to be no question of fact and the only question raised in these proceedings is whether or not the mayor can grant a consent for a theatrical exhibition which includes a speaking part by the child.

Under section 485 of the Penal Law it is a misdemeanor for a person to exhibit children under sixteen years of age in a theatrical exhibition, unless under the provisions of subdivision 5 of said section such employment may be permitted with the written consent of the mayor of the city. The section provides:

" Certain employment of children prohibited. A person who employs or causes to be employed, or who exhibits, uses, or has in custody, or trains for the purpose of the exhibition, use or employment of, any child actually or apparently under the age of sixteen

years; or who having the care, custody or control of such a child as parent, relative, guardian, employer or otherwise, sells, lets out, gives away, so trains, or in any way procures or consents to the employment, or to such training, or use, or exhibition, of such child; or who neglects or refuses to restrain such child from such training, or from engaging or acting:

" 1. As a rope or wire walker, gymnast, wrestler, contortionist, rider or acrobat; or upon any bicycle or similar mechanical vehicle or contrivance; or,

" 2. In begging or receiving or soliciting alms in any manner or under any pretense, or in any mendicant occupation; or in gathering or picking rags, or collecting cigar stumps, bones or refuse from markets; or in peddling; or,

" 3. In singing; or dancing; or playing upon a musical instrument; or in a theatrical exhibition; or in posing or acting, or as a subject for use, in or for, or in connection with, the making of a motion picture film; or in any wandering occupation; or,

" 4. In any illegal, indecent or immoral exhibition or practice; or in the exhibition of any such child when insane, idiotic, or when presenting the appearance of any deformity or unnatural physical formation or development; or,

" 5. In any practice or exhibition or place dangerous or injurious to the life, limb, health or morals of the child, is guilty of a misdemeanor.  But this section does not apply to the employment of any child as a singer or musician in a church, school or academy; or in teaching or learning the science or practice of music; or as a musician in any concert or in a theatrical exhibition or in posing or acting, or as a subject for use, in or for, or in connection with, the making of a motion picture film with the written consent of the mayor of the city, or the president of the board of trustees of the village where such concert or exhibition takes place.  Such consent shall not be given unless forty-eight hours previous notice of the application shall have been served in writing by the applicant for such consent upon the society for the prevention of cruelty to children, if there be one within the county, and a hearing had thereon if requested by such society within said forty-eight hour period, and shall be revocable at the will of the authority giving it. It shall specify the name of the child, its age, the names and residence of its parents or guardians, the nature, time, duration and number of performances permitted, together with the place and character of the exhibition; and where any child is to be employed in the making of a motion picture film it shall provide that the child is to be employed only in the manner described and set forth in the statement in writing submitted with the application, as

hereinafter provided.  Any person applying for such consent for the use or employment of any such child or children in any place in the state, in posing or acting for or as a subject for use in or connection with the making of a motion picture film shall submit with such application a true and accurate statement in writing setting forth and describing in detail the entire part to be taken and each and every act and thing to be done and performed, by such child in the making of such film to the local official having authority to issue such permits and to any such society having jurisdiction in such place.  But no such consent shall be deemed to authorize any violation of the first, second, fourth or fifth sub-division of this section."

This section has stood in its present form ever since 1892, except that in 1916 it was amended by inserting in subdivision 3 a prohibition against the appearance of children in movies and in subdivision 5 an authorization of the appearance of children in the movies with the written consent of the mayor, and in 1928 it was slightly amended by providing notice to the Children's Aid Society within a specified time.

In 1884 the section in question was contained in the Penal Code (§ 292) and read as follows:

"A person who employs, or causes to be employed, or who exhibits, uses or has in his custody for the purpose of exhibiting or employing any child apparently or actually under the age of sixteen years, or who, having the care, custody or control of such a child as parent, relative, guardian, employer or otherwise, sells, lets out, gives away or in any way procures or consents to the employment or exhibition of such a child either

" 1. As a rope or wire walker, dancer, gymnast, contortionist, rider or acrobat; or,

" 2. In begging or receiving alms, or in any mendicant occupation; or,

" 3. In peddling, singing or playing upon a musical instrument, or in a theatrical exhibition, or in any wandering occupation; or,

" 4. In any indecent or immoral exhibition or practice; or,

" 5. In any practice or exhibition dangerous or injurious to the life, limb, health or morals of the child;

" Is guilty of a misdemeanor.  But this section does not apply to the employment of any child as a singer or musician in a church, school or academy, or in teaching or learning the science or practice of music, or as a musician in any concert with the written consent of the mayor of the city, or the president of the board of trustees of the village where such concert takes place."

It was amended in 1886, but subdivision 3 and subdivision 5 were unchanged in said amendment.

In 1892 the section was amended (Laws of 1892, chap. 309) to read as follows, the changes in phraseology being italicized:

"A person who employs or causes to be employed, or who exhibits, uses, or has in custody, or trains for the purpose of the exhibition, use or employment of, any child actually or apparently under the age of sixteen years; or who having the care, custody or control of such a child as parent, relative, guardian, employer, or otherwise, sells, lets out, gives away, so trains, or in any way procures or consents to the employment, or to such training, or use, or exhibition of such child; or who neglects or refuses to restrain such child from such training, or from engaging or acting, either

" 1. As a rope or wire walker, gymnast, wrestler, contortionist, rider or acrobat; or upon any bicycle or similar mechanical vehicle or contrivance; or,

" 2. In begging or receiving or soliciting alms in any manner or under any pretence, or in any mendicant occupation; or in gathering or picking rags, or collecting cigar stumps, bones or refuse from markets; or in peddling; or

" 3. In singing; *or dancing;* or playing upon a musical instrument; or in a theatrical exhibition; or in any wandering occupation; or,

" 4. In any illegal, indecent or immoral exhibition or practice; or in the exhibition of any such child when insane, idiotic, or when presenting the appearance of any deformity or unnatural physical formation or development; or

" 5. In any practice or exhibition or place dangerous or injurious to the life, limb, health or morals of the child, is guilty of a misdemeanor. But this section does not apply to the employment of any child as a singer or musician in a church, school or academy; or in teaching or learning the science or practice of music; or as a musician in any concert *or in a theatrical exhibition,* with the written consent of the mayor of the city, or the president of the board of trustees of the village where such concert or exhibition takes place. *Such consent shall not be given unless forty-eight hours' previous notice of the application shall have been served in writing upon the society mentioned in section two hundred and ninety-three of the Penal Code, if there be one within the county, and a hearing had thereon if requested, and shall be revocable at the will of the authority giving it. It shall specify the name of the child, its age, the names and residence of its parents or guardians, the nature, time, duration and number of performances permitted, together with the place, and character of the exhibition. But no such consent shall be deemed to authorize any violation of the first, second, fourth or fifth subdivisions of this section.*"

While the section stood in this form, the General Term, First Department, decided the case of *People ex rel. Sanders* v. *Grant* (70 Hun, 233), in which it was held that the mayor could not consent to a theatrical exhibition which included singing or dancing by a child.   The court held that it was the intention of the Legislature that the whole permissive part of the section applies only to one character of employment, that of a musician, and that no permission can be granted for other character of employments, which were specifically prohibited by the Penal Law in said section.   At page 237 the court said:

" As has been seen by section 292 as amended, any person who

" *First*, employs or consents to the employment of a child under the age of sixteen years as a rope or wire walker, etc.; *second*, employs or consents to the employment of such child in begging, etc.; *third*, employs or consents to the employment of such child in singing; or dancing; or playing upon a musical instrument; or in a theatrical exhibition; or in any wandering occupation; or, *fourth*, employs or consents to the employment of such child in any illegal, indecent or immoral exhibition or practice, etc.; or, *fifth*, employs or consents to the employment of such child in any practice or exhibition or place dangerous or injurious to the life, etc., shall be guilty of a misdemeanor.

" The section then goes on: ' But this section does not apply to the employment of any child as a singer or musician in a church, school or academy; or in teaching or learning the science or practice of music; or as a musician in any concert or in a theatrical exhibition, with the written consent of the Mayor of the City,' etc.

" Under the third subdivision above spoken of, the employment of such child in singing; or dancing; or playing upon a musical instrument; or in a theatrical exhibition; or in any wandering occupation is an offense against the statute.

" Now, when the child is to be permitted to appear in certain classes of entertainments, and in a certain capacity in such entertainments, the connection of the phrases is entirely different, although the same words are used to some extent.

" For example, in the permissive part of the fifth clause it states:

" ' But this section does not apply to the employment of any child   *   *   *   as a musician in any concert or in a theatrical exhibition,' the word ' musician ' qualifying both the subsequent clauses of the sentence.   But when they desire to separate the different classes of doings they use the proper signs.   For example, when they desire to separate singing from dancing they place a

semicolon between the two phrases. And when they desire to separate playing upon a musical instrument from appearing in a theatrical exhibition they put a semicolon between them, in order to show that they are independent phrases, having no relation the one to the other. But in the fifth clause, when they come to determine the cases in which the child may be exempt from the general prohibition contained in the previous part of the section, they specify the name and character of the performance which it was the intention of the Legislature to exempt, viz., as a singer or musician in a church, school or academy; or in teaching or learning the science and practice of music; or as a musician. Where? In any concert, or in a theatrical exhibition. This seems to show clearly what was the intention of the Legislature, and that the whole permissive part of subdivision 5 related to the musical question and nothing else; and, therefore, the word ' musician ' in the phrase under consideration qualified both concert and theatrical exhibition."

It further appears that on November 10, 1923, the corporation counsel of the city of Buffalo rendered a written opinion on the question of whether the mayor of the city of Buffalo has authority to consent to the employment of children in a minstrel show to recite lines of song while the orchestra plays, to the effect that the mayor had no authority to consent to such employment, and that only one character of employment was permitted, namely, that of a musician, and the employment of posing and acting must be in connection with a motion picture film and has no relation to a theatrical exhibition.

The written consent of the mayor permitting the infant, Jeanne McMahon, to appear in the role of Little Willie in a speaking part in a theatrical exhibition is void and of no effect, because the mayor has no power or authority to issue such permit and the appearance of such child in such role is in violation of section 485 of the Penal Law of the State of New York.

The mayor of the city of Buffalo by virtue of the charter provisions is clothed with the following power: " The mayor shall be the chief executive officer of the city and shall maintain peace and good order and enforce the laws therewith."

There is no doubt that the court has power to issue its order in the nature of a mandamus to the mayor to compel performance of his duties. (*People ex rel. Weatherwax* v. *Watt,* 197 App. Div. 929; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390.)

There are, however, instances where the courts have declined to issue an order of mandamus because of various considerations, which compelled them in the exercise of their wise discretion to

refrain from interference with the exercise of executive power by the mayors of cities. (*People ex rel. Judge* v. *Hylan*, 200 App. Div. 430.)

The act of the mayor in granting his written consent permitting the appearance of the infant in the theatrical exhibition is unauthorized and illegal, and his written consent should be revoked so that violators of section 485 of the Penal Law will not hide behind such illegal written consent in doing or permitting acts to be done specifically prohibited under said section.

The petitioner, therefore, is entitled to an order of mandamus prayed for in his petition, compelling the mayor to revoke the written consent heretofore granted.