In the Matter of the Application of ROSA MOJICA, Petitioner, for an Order Directing THE BELLEVUE HOSPITAL to Permit Her to Inspect Her Hospital Record, under Section 894 of the New York City Charter.

DEPARTMENT OF HOSPITALS OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, November 29, 1938.

*Philipe N. Torres,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the Department of Hospitals of the City of New York, respondent.

COLLINS, J. To aid her action against a third party, for personal injuries, the plaintiff applies for leave to inspect the records of Bellevue Hospital where she was confined as a patient as a result of the accident.

Section 894 of the New York City Charter opens the records of the hospital " to the inspection of any taxpayer," subject to reasonable rules and regulations. On refusal of the inspection " such taxpayer, on his sworn petition, describing the particular book, account or paper that he desires to inspect, may, upon notice of not less than one day, apply to any justice of the Supreme Court for an order that he be allowed to make such inspection as such

justice shall by his order authorize." There is an exception concerning " any papers prepared by or for counsel for use in actions or proceedings to which the city is a party or for use in any investigation authorized by this charter."

The petitioner moves under the above section and alleges that she is a taxpayer. ' Neither the hospital nor the city is to be a party to the litigation petitioner contemplates instituting. The information is not to be used against the city. The petitioner is trying to ascertain the extent of her injuries. In opposing, the city answers that the petition fails to show that the petitioner is a *real estate* taxpayer, and insists that only a *real estate* taxpayer may inspect public records. (*Matter of Johnson,* 248 App. Div. 690; *Matter of Hun,* 144 N. Y. 472, 477.) The section, however, refers to " taxpayers," not to *real estate* taxpayers. It is inconceivable to me that the framers of the law intended to discriminate as between taxpayers. To hold that a poor person shall be denied the right of inspection granted to a more fortunate possessor of worldly goods, does not impress me as being in consonance with justice or democracy. It would unnecessarily and cruelly emphasize class distinctions. The purpose of the inspection and the necessity therefor should be the test, rather than the opulence of the applicant.

The application is for a legitimate purpose; it is not sought to satisfy a curiosity or to unduly pry or meddle. X-ray pictures were taken of the petitioner's condition and she wants to see what they show. More, the averment is that the petitioner is a taxpayer. True, she does not show what sort of taxpayer. The city, on the other hand, does not controvert the allegation. It merely challenges the sufficiency of the petition by asserting that the petitioner fails to show that she is a *real estate* taxpayer. *Prima facie,* at least, the petition is adequate. The motion is granted. Settle order accordingly.