In the Matter of the Application of RAY BLANDFORD and Others, Petitioners, for a Mandamus Order against GLENN H. McCLEL-LAN, Commissioner of Police of the City of Buffalo, Respondent.

Supreme Court, Erie County, January 19, 1940.

16

[redacted]

*Gordon Gannon,* for the petitioners.

*David Diamond, Corporation Counsel [Casimer T. Partyka* of counsel], for the respondent.

LYTLE, J.   This is an application brought on by an order to show cause to require the respondent to exhibit a record of a certain motor vehicle accident in the city of Buffalo to which the petitioner Blandford was a party.   A request or demand to the custodian thereof was refused.

By reason of the provisions of subdivision 5-a of section 70 of the Vehicle and Traffic Law there have come to be on file with the respondent certain memoranda and reports of motor vehicle accidents.   Pursuant to the provisions of section 75 of said law, said police department transmits reports, in turn, to the Commissioner of Motor Vehicles.   The police department also has records and information gathered for possible use in prosecution of violations of statutes or ordinances, and for statistical and analytical purposes.

It might be well to begin by stating the general rule in the words of the late Mr. Justice HOLMES: " The right to evidence to be obtained from an existing object does not depend upon having an interest in it,  or, in a case like this, upon having an interest in the original cause, or upon the object being admissible or inadmissible in the cause for which it was prepared, or upon the right or want of right of the public to examine the thing.   The necessities of litigation and the requirements of justice found a new right of a wholly different kind.   So long as the object physically exists, anyone needing it as evidence at a trial has a right to call for it, unless some exception is shown to the general rule." (*Matter of Uppercu,* 239 U. S. 435, 440.)

It is the established law of this State that the Commissioner of Motor Vehicles must supply a certified transcript of a motor vehicle accident report to an interested party upon payment or offer of fee.   (*Matter of Stenstrom* v. *Harnett,* 131 Misc. 75; affd., *sub nom. People ex rel. Stenstrom* v. *Harnett,* 224 App. Div. 127; affd., 249 N. Y. 606.)

More recently, an application to require the police department of the city of New York to furnish a copy of the police blotter report of an automobile accident was denied. (*Hale* v. *City of New York*, 251 App. Div. 826.) The latter case turned upon section 1545 of the Greater New York Charter, specifically excepting the police department of that city from the requirement of furnishing copies of papers on demand. (See, also, *Matter of Allen*, 205 N. Y. 158.) No similar provision in the Charter of the City of Buffalo* has been cited or discovered. On the contrary, section 224 of the Buffalo City Charter, upon which respondent relies, by its terms, limits respondent's power of making and enforcing orders, rules and regulations to such as shall not be inconsistent with any general law.

Both section 66 of the Public Officers Law and section 51 of the General Municipal Law are general laws upon which respondent has no right to infringe. Although said section 51 has been broadly construed (*Matter of Egan*, 205 N. Y. 147; *Matter of North* v. *Foley*, 238 App. Div. 731), this court is not convinced that it would be either technically sound or practically expedient to base this decision upon it. Viewed in its context, the portion thereof granting broad rights of inspection cannot with any assurance be said to apply to the subject-matter of the instant inquiry. Furthermore, those rights of inspection are granted to a taxpayer only.

" To hold that a poor person shall be denied the right of inspection granted to a more fortunate possessor of worldly goods, does not impress me as being in consonance with justice or democracy. It would unnecessarily and cruelly emphasize class distinctions. The purpose of the inspection and the necessity therefor should be the test, rather than the opulence of the applicant." (*Matter of Mojica*, 169 Misc. 852, 853.)

Accordingly it is held that such of respondent's records as are public records must be produced pursuant to the command contained in section 66 of the Public Officers Law upon the authority of *People ex rel. Stenstrom* v. *Harnett* (*supra*). Such a statutory command is sufficient jurisdictional basis for this proceeding. (*Matter of Children's Aid and Society, etc.*, v. *Schwab*, 132 Misc. 283; appeal dismissed, 224 App. Div. 875; *People ex rel. Joyce* v. *York*, 27 Misc. 658.)

Not all records kept by public officers are public records. (*People ex rel. Scweller* v. *Prendergast*, 89 Misc. 584, 586.) Records kept to aid the pawnbroker licensing board in passing on applications for renewal of licenses and to aid the police in detecting crime have

* Buffalo Local Laws of 1927, No. 4 (published in Local Laws of Cities in State, 1932, p. 21).

been held not to be public records. (*Round* v. *Police Commissioner*, 197 Mass. 218; 83 N. E. 412.)

" The few cases which a comprehensive search has revealed as within the scope of this annotation indicate that automobile records are generally considered ' public records ' which any citizen has the right to examine and copy irrespective of his purpose in so doing, provided that he complies with the reasonable regulations of the custodian of the records, and examines and copies them in such a way as not to interfere with the work of the custodian or the equal right of others to examine and copy such records." (108 A. L. R. 1395, etc., citing and considering *Direct Mail Service, Inc.*, v. *Registrar of Motor Vehicles*, —— Mass. ——; 5 N. E. [2d] 545; *Stewart* v. *Maybury*, 164 Wash. 500; 3 P. [2d] 138; *People ex rel. Stenstrom* v. *Harnett, supra*.)

Such of respondent's records as are on file pursuant to subdivision 5-a of section 70 of the Vehicle and Traffic Law, and any statement signed by a person involved in the motor vehicle accident may be inspected and, if he desires, copied by the petitioner Blandford, in person or by his attorney or a representative of the attorney's office. However, as a reasonable condition of allowing said attorney or representative to inspect or copy such record or statement, the respondent may require to be exhibited and left on file a contract of retainer with or authorization of such attorney, duly signed by the petitioner Blandford and by him acknowledged before a notary public or other similarly constituted officer.

Inspection of other records and reports may be refused by the respondent. Their value or assistance to the avowed purpose of the petitioners is at best doubtful. (*Johnson* v. *Lutz*, 253 N. Y. 124.)

Prepare and submit an order accordingly, without costs.