STATE ex rel. RESEARCH INSTITUTE
et al. v. NIX, County Clerk.

No. 31527. Dec. 5, 1944.

Rehearing Denied Feb. 20, 1945.

*155 P. 2d 983.*

Keaton, Wells & Johnston and Fred Suits, all of Oklahoma City, for plaintiffs in error.

George Miskovsky, County Atty., and Homer Thompson and Norman Futor, Asst. County Attys., for defendants in error.

WELCH, J. Plaintiffs, an organization devoted to the purpose of furnishing information on governmental affairs to its membership and other interested persons, and individual citizens and substantial taxpayers of Oklahoma county in their own names, brought this action to require the county clerk of Oklahoma county to permit them to examine in detail the county charity claims for the month of June, 1942.

The gist of the reason given by the county clerk for refusal seems to be that she does not have time and sufficient number of assistants to exhibit the claims and supervise and protect them during examination.

The trial court concluded that these plaintiffs were, under the pleadings and the evidence, entitled to see and examine the claims "at the proper time and in a proper manner"—further concluded that such right ". . . had not been denied, nor is there shown any intention of doing so . . ."; concluding further that plaintiffs were demanding the right to place a private person in the county clerk's office to examine such claims without her supervision or that of her deputies.

The trial court denied the writ of mandamus upon the theory that plaintiffs were not entitled to examine the claims in the manner and under the circumstances demanded.

Upon appeal plaintiffs urge that the trial court erred in concluding that they demanded the right to place a private person in the county clerk's office to handle and examine the claims without the control and supervision of the clerk and her deputies, and in concluding that their request and demand was improper.

We agree with plaintiffs in that respect.

We think the petition can be construed only as a demand by plaintiffs for permission to their auditor to make an examination and take copies of such claims.

It is true that plaintiffs did not request or demand that their auditor be supervised by the clerk and her deputies, and there is considerable evidence to the effect that such supervision would not be necessary or required from plaintiffs' point of view, but it is unmistakable throughout this entire record that plaintiffs desired and requested only the privilege of examining the claims under such reasonable circumstances

as the clerk might deem convenient and advisable. Plaintiffs' suggestions of willingness to conduct the examination without supervision and with the least time taking of defendant did not constitute a demand that the examination be made in such a manner and the defendant did not offer to permit the examination in any other manner. Certainly the plaintiffs did not refuse to examine the claims under her supervision, but requested the right of examination with or without such supervision at her pleasure.

We think the following letters exchanged between the parties truly represent the record as concerns the positions taken by the parties in that regard:

"September 21, 1942

"Miss Helen Nix,
"County Clerk, Oklahoma County
"Court House
"Oklahoma City, Okla.

"Dear Miss Nix:

"In furtherance of our request to review the various records in your office and in view of the position you have taken, we wish to state that the Institute is desirous of cooperating with your office and will comply with any reasonable requirement that you may insist upon necessary to protect the records and your responsibilty as custodian of the records.

"We desire at this time to check the claims covering the expenditures of the Welfare Board for the month of June, 1942. We can assure you that the Institute's Auditor will conduct this checking in a careful businesslike manner and all instruments will be replaced in proper order, however, if you deem it necessary we will appreciate any assistance or supervision that you may furnish.

"In order to complete the survey that the Institute has started it is necessary that we have this information at the earliest possible date so please advise by return mail when we may have access to the records referred to.

"Very truly yours
"RESEARCH INSTITUTE, Inc.
"By: Wm. E. Amend
    "Executive Secretary."

"September 25, 1942

"Mr. W. W. Amend
"Executive Secretary, Research Institute
"2609 Ramsey Tower
"Oklahoma City, Oklahoma

"Dear Mr. Amend:

"This acknowledges your letter of September 21st. We regret we are unable to comply with your request in this instance, but we cannot allow our official records to be taken from the files except by a duly appointed deputy. There are approximately 15,000 claims filed annually.

"We have lost several valuable employes to the United States Armed Forecs, and to other positions offering more remuneration. We expect this condition to continue for the duration.

"We are sure you realize that such a service as you request is next to impossible. We are not only working with a reduced force but a constantly changing one. If it were possible, we would be glad to furnish you with a full time deputy. I am sure that you appreciate our position.

"Sincerely yours

"Helen Nix
"Helen Nix, County Clerk."

Though the above letter would indicate that the clerk refused the examination under her supervision upon the ground that she did not have sufficient help, we find little, if any, evidence in the record to substantiate such defense, nor do we find argument or authorities in her brief to that end. It would seem to us that if she owed a duty to exhibit a record, that duty would be equal to her other duties unless some priority is given by law, and that all such duties should be performed equally.

Defendant's brief in support of the trial court's judgment propounds the following proposition:

"Circumstances arising out of pending litigation or the performance by a private party of a public function may, in some cases, justify granting a private party access to public records; but access is not otherwise to be granted,

particularly when such private party has no interest in the records which can be distinguished from the interest possessed by his fellow citizens and taxpayers."

That proposition is broken down or continued with a number of subdivisions, one of which is to the effect that because our statutes provide for an Examiner and Inspector there is no occasion generally for application of the rule allowing these plaintiffs to examine these records. The brief seeks to distinguish the authorities cited by plaintiffs.

The plaintiff Research Institute is an organization conducted and financed by citizens and taxpayers of Oklahoma county. The individual plaintiffs are substantial taxpayers of said county, and as such are beneficially interested in the proper and lawful expenditures of the funds raised by the taxes they pay. This suit is brought in the name of the State of Oklahoma as provided by our laws in such cases. Our statutes and former decisions disclose the public policy of this state as allowing the citizen and taxpayer much latitude in inquiring into the conduct of the fiscal affairs of his government and in appealing to the courts in such matters. State ex rel. v. Boyett, 183 Okla. 49, 80 P. 2d 201. We conclude that the trial court was correct in concluding from the evidence in this case that these plaintiffs had the right to examine these claims "at the proper time and in the proper manner." State v. King, 154 Ind. 621, 57 N. E. 535; State v. Williams, 110 Tenn. 549, 75 S. W. 948, and Clement v. Graham, 78 Vt. 290, 63 Atl. 146.

Defendant's proposition to the effect that these plaintiffs could have had access to these records through the office of the board of county commissioners is not sustained by the evidence.

The judgment is reversed and the cause is remanded, with instructions to issue the writ, the trial court retaining such control as may be needful to effectuate the true purpose thereof, that is, to fully accord to plaintiffs the rights sought, while retaining in defendant the right to properly supervise inspections and to preserve the public records.

CORN, C.J., GIBSON, V.C.J., and HURST and DAVISON, JJ., concur.