RICHARDS–WILCOX MANUFACTURING COMPANY, an Illinois Corporation, Plaintiff,

v.

YOUNG SPRING & WIRE CORP., a foreign corporation, Defendant.

No. 60 C 320.

United States District Court
N. D. Illinois, E. D.
Jan. 17, 1964.

Reid, Ochsenschlager, Murphy & Hupp, Aurora, Ill., for plaintiff.

Kirkland, Ellis, Hodson, Chaffetz & Masters, E. Houston Harsha and Fred H. Bartlit, Jr., Chicago, Ill., for defendant.

CAMPBELL, Chief Judge.

Plaintiff's objections 1, 2 and 3 relating to paragraphs 1, 2 and 3 respectively, of defendant's Rule 34 motion to produce documents, are each and all *overruled.*

Objection 3 raises an interesting issue relative to the scope of the attorney work product privilege. Plaintiff's attorney claims the privilege as to notes and reports submitted to him by a member of an inspection team sent to observe the operation of a conveyor system in the defendant's factory. It is the operation of this conveyor system that forms the basic issue in this action. Subsequent to plaintiff's inspection defendant deposed the observer, who, when asked questions relative to his factual observations, in many instances stated he could not fully answer the question without reference to his notes taken at the time of his observation. It is these notes and reports which defendant's counsel seeks and plaintiff's counsel claims are privileged.

■■ The right of an attorney to except from discovery that which is in the language of the law his "work product" is now basic. The leading case on this subject, Hickman v. Taylor (1946) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, in a broad sense defines this right. To the extent that the Court in Hickman was limited by the scope of the issue before it, the case leaves many unanswered questions relative to the scope of latitude to be given the privilege. In deciding the present motion relying upon Hickman and those decisions which have since concerned themselves with work product issues and interpreted Hickman, I am of the opinion that an attorney's work product can generally be defined to encompass writings, statements or testimony which would substantially reflect or invade an attorney's legal impressions or legal theories as to a pending or reasonably anticipated litigation. An attorney's legal impressions and theories would include his tactics, strategy, opinions and thoughts.

■ I am of the opinion however, that the observer's notes and reports here sought by defendant's motion to produce do not fall within the ambit of my definition of the term "work product". The observer is a factual witness (he is not merely giving an expert opinion on the basis of a hypothetical situation) who most likely will be called on to testify at the trial of this case. Assuming, as we must, that he is presented as such a witness, defendant's counsel will be afforded the right to cross examine him. To properly prepare for such a cross examination and establish possible grounds for impeachment, if any, are found to exist, defendant's counsel must be given the benefit of proper pre-trial discovery, whether this takes the form of a deposition or a motion to produce under Rule 34. No longer can we or should we protect archaic principles fostered to protect and promote what was once thought to be the desired sporting element of a trial—surprise. This element of surprise has departed with our modern Federal Rules of Civil Procedure.

I fail to see how the producing of this observer's factual observations could constitute a substantial intrusion into the thoughts and trial plans of plaintiff's attorney. On the basis of the facts presented to me I find plaintiff's claim of the work product privilege to be unsubstantiated.

 Objections 1 and 2 predicated upon plaintiff's contention that paragraphs 1 and 2 of the Motion to Produce are too broad and not reasonably calculated to lead to the discovery of admissible evidence inasmuch as they seek information about subsequent repairs, improvements and adjustments made to conveyors, are wholly without merit. The subsequent repair exception to the admissibility of evidence, considered in light of its "public policy" rationale, would not apply to the present situation.