Harold E. Koreman, J.
Petitioner has initiated this proceeding under article 78 of the Civil Practice Law and Rules, to obtain an order directing the respondents to permit him to examine, inspect and copy all records, reports and audits pre *2 pared by respondents’ employees pertaining to the New York Racing Association, formerly known as the Greater New York Association.
The petitioner, á duly elected member of the New York State Senate, asserts that there are presently pending before the State Legislature certain bills purporting to affect the New York Racing Association; that after becoming informed of the existence of certain records, reports and audits prepared by the respondents which relate to the financial and business operation of the New York Racing Association he requested, as a member of the State Senate and as a taxpayer of the State of New York, the respondents to make said records, reports and audits available to him and that the respondents refused to do so.
Neither in his papers nor upon the argument does the petitioner claim that his office entitles him to information not available to other taxpayers but urges that the records which he seeks will assist; him in voting upon the pending legislation.
The respondents have filed an answer in which they raise objections in point of law pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules, and ask for dismissal of the petition on the ground it fails to state facts sufficient to entitle the petitioner to the relief sought therein. The answer also contains an affirmative defense that the records, reports and audits referred to in the petition are of a confidential nature for the exclusive use, benefit and purposes of the respondents, in their official capacity, and that they are not public records available for inspection by the petitioner or for public inspection. The petitioner neither filed a reply nor moved to strike the matter contained in the affirmative defense.
The records, reports and audits which petitioner seeks to examine were prepared by the respondents in the course of examining and checking the books and records of the New York Racing Association following the filing of the association’s report which accompanies the payment of its annual franchise fee. The examination is made pursuant to the authority granted respondents in section 7-a of chapter 812 of the Laws of 1955, as amended, for the purpose of ascertaining whether or not the proper amount due the State of New York is being paid by the association. .
In mandamus the petitioner must show a clear legal right to the relief sought. The petition must show that the respondents were specifically enjoined by law to permit the petitioner to examine, inspect and copy the records which are the subject of this proceeding. (Matter of Whitman, 225 N. Y. 1; Matter of Burr v. Voorhis, 229 N. Y. 382, 387.) Here the petitioner has *3 not alleged any statutory requirement that the respondents make available the records sought by him. In his memorandum of law, submitted on the return day, the petitioner argues that section 66 of the Public Officers Law imposes that duty upon the respondents. That section requires a custodian of public records to furnish copies thereof upon request and upon payment of any required fee. The records which petitioner seeks are not public records within section 66 and the respondents would not be required to furnish a transcript thereof to all who apply. All records kept by public officers are not public records. (Matter of Sorley v. Lister, 33 Misc 2d 471.) “ In the absence of statute, the nature and purpose of the record, and, possibly, custom and usage, must be the guides in determining the class to which it belongs ”. (Matter of Stenstrom v. Harnett, 131 Misc. 75, 77, affd. sub nom. People ex rel. Stenstrom v. Harnett, 224 App. Div. 127, affd. 249 N. Y. 606.) Petitioner has not alleged that there is a statute expressly stating that the items sought to be examined are public records. The records sought here are not those filed by the New York Racing Association with the respondents, but, as alleged, in the petition, records reports and audits prepared by the agents, servants and employees of the respondents relating to the financial and business operation of the association. These would include reports, communications, expressions of opinions and the like, between employees of respondents as well as any such documents furnished by an employee to a superior. The only purpose for which records of this nature are made and kept is to determine if the proper franchise fee has been paid. Thus, the very nature and purpose of these records take them out of the category of public records. Petitioner has not demonstrated that the records which he seeks have become public through custom and usage; to the contrary, it appears to be the long-standing practice and policy of the respondents to treat information of the sort sought here as “ confidential ”,
As petitioner argues, and as the court said in Matter of New York Post Corp. v. Leibowits (2 N Y 2d 677), there is a strong legislative policy to make available to public inspection all records, or other papers, kept in a public office but the court, in the same ease, recognized that there are certain limitations such as where secrecy is enjoined by statute or rule or some overriding consideration of policy. In my opinion, the various “ secrecy” provisions contained in the Tax Law (e.g., §§ 202, 211, 219-oo, 384) evidence a policy of prohibiting disclosure of information as to matters in which the 'State Tax Commission is charged with the responsibility of receiving reports and making *4 audits and investigations in connection with its responsibility of collecting moneys due to the State.
I do not consider! it important that the records which petitioner seeks were made in] investigations and audits conducted pursuant to the provisions pf the Racing Commission Laws and not the Tax Law. Section 7-a of chapter 812 of the Laws of 1955, as amended, also requires racing associations to pay the franchise fee to the State Tax Commission and to file reports as required by the commission. Under such circumstances, the records should be treated in the same manner as the records gathered by the State Tax Commission in discharging its responsibility under the Tax Law.
The business of racing is one which is affected by the public interest but racing associations are, nevertheless, private corporations. While, as petitioner urges, it might be in the public interest to make the records sought herein available for public inspection, authority for so doing must come from the Legislature and not from the courts.
Petitioner having failed to establish a clear legal right to the relief he seeks, the petition must be dismissed.