A. Franklin Mahoney, J.
This is a proceeding instituted pursuant to the provisions of article 78 of the CPLR for judgment directing the Secretary of State of the State of New York to allow the petitioner access to the corporate card index files in the Corporation Bureau of the Secretary of State. Petitioner is an attorney who, for a fee, obtains information for clients concerning corporations by personally inspecting the corporate card index of the Corporation Bureau. By memorandum dated June 4, 1968, directed to all service companies, the Secretary of State advised that no service company personnel would henceworth be permitted inside the corporate card index files but that requests for information should be made to a searcher in the employ of the bureau. The basic issue appears to boil down to petitioner’s contention that the card index file is a public record, which contention respondent denies.
Both parties rely on the provisions of section 66 of the Public Officers Law to sustain their positions. Section 66 provides: “ Persons having custody of papers in public offices to search files and make transcripts. A person, having the custody of the records or other papers in a public office, within the state, must, upon request, and upon payment of, or offer to pay, the fees allowed by law, or, if no fees are expressly allowed by law, fees at the rate allowed to a county clerk for a similar service, diligently search the files, papers, records, and dockets in his office; and either make one or more transcripts therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him, can not be found. ’ ’
In mandamus the petitioner must show a clear legal right to the relief sought. The petition must show that the respondent is specifically enjoined by law to permit the petitioner to inspect the corporate card index files (Matter of Whitman, 225 N.Y. 1; Matter of Thaler v. Murphy, 42 Misc 2d 1). All records kept by public officers are not public records (Matter of Sorley v. Lister, *18 33 Misc 2d 471; Matter of New York Post Corp. v. Moses, 23 Misc 2d 826, revd. on other grounds 12 A D 2d 243). In the absence of a statute expressly stating that the items sought to be examined are public records, the nature and purpose of the record and possibly custom and usage must be the guides in determining whether a record is a public record (Matter of Blandford v. McClellan, 173 Misc. 15).
It is the finding of the court that the corporate card index file is not a public record. The card index file is not kept pursuant to any statutory mandate but rather is an office procedure aimed at simplifying and expediting performance of the duties of the office by its employees. Section 66 of the Public Officers Law requires a custodian of public records to furnish copies thereof upon request and upon payment of any required fee; it does not mandate open inspection of the card index file, which in the opinion of the court is not a public record. The court finds the regulation of the use of the card index file by the Secretary of State to be reasonable. The petition is accordingly denied.