No. 25062

**J. E. Losavio, Jr., Darol C. Biddle, R. D. Jorgensen, Individually and on behalf of the Office of the State Public Defender, State of Colorado v. Robert L. Mayber**
(496 P.2d 1032)

Decided April 24, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, J. E. Losavio, Jr., Assistant, Darol C. Biddle, Deputy, R. D. Jorgensen, Deputy, for petitioners-appellants.

Carl Parlapiano, District Attorney, Daniel J. Sears, Deputy, for respondent-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The petitioners sought a trial court order requiring the respondent, as the chief of the Pueblo Police Department, to permit inspection by the petitioners of certain police records. The petitioners maintain that 1969 Perm. Supp., C.R.S. 1963, 113-2-1 *et seq.*, commonly known as the public records law, applies to these police records and thus, they should be open for inspection by any person.

The trial court ruled that the police records involved here are not subject to inspection by any person and therefore,

the respondent chief of police properly refused to permit inspection by the petitioners.

From this judgment, the petitioners appeal. We affirm the judgment of the trial court because we agree in general that police records showing past arrests, convictions, and other information about individuals should not be open to the scrutiny of the public at large. However, we take this opportunity to admonish the district attorney, and the trial court, that in the just and fair administration of the law, it would never be anticipated that the facts of this case could possibly generate such an issue.

The petitioners sought to have police records opened not only to their inspection but opened to inspection by the general public. They apparently deemed that this course of action was necessary in order to make the same information regarding prospective jurors available to them as public defenders, as was made available to the district attorney by the respondent chief of police.

These are the underlying facts. It has been the practice in Pueblo for a number of years for the police department to provide the district attorney with the conviction record in traffic and criminal cases of prospective jurors. The testimony adduced before the trial court showed that before each term of the district and county courts, a list of prospective jurors for that term is delivered to the Pueblo Police Department. An employee of the police department then checks the police files and records. Beside each name on the list are noted any convictions in traffic and criminal cases. These lists are then returned to the district attorney's office. They are made available to the trial deputies for their use in the jury selection process. Under the evidence in this case, we can perceive of no other conceivable purpose for these lists than as a substitute for voir dire examination at trial, and as a possible check upon the truthfulness of a juror's answer on voir dire. It was for this purpose that the petitioners, as public defenders, wanted this information.

In late April of.1970, and again on May 22, 1970, the petitioners requested respondent chief of police to either

provide them with the same information as furnished to the district attorney or give them access to the police records of each prospective juror for the current or upcoming terms of court. It appears implicit that the district attorney had previously refused to permit the petitioners the use of these lists or copies thereof. Each request to the chief of police was denied and in each instance a written statement of grounds for the denial was sent to the petitioners. The instant action was then commenced and a hearing was held. The trial judge framed the issue presented and his resolution thereof as follows:

"Are the prepared lists of police records of prospective jurors public records as defined in the Public Records Law, C.R.S. 1963, § 113-2-2 (as amended), or in the alternative, are the police records from which such lists are prepared to which the petitioners wish to gain access public records that should be open to public inspection? The Court is compelled to answer both questions in the negative."

1969 Perm. Supp., C.R.S. 1963, 113-2-2(2) defines a "public record" as

"all writings made, maintained or kept by the state or any agency, institution, or political subdivision thereof for use in the exercise of functions required or authorized by law or administrative rule or involving the receipt or expenditure of public funds."

■ As to the actual police files and records on the individuals whose names appear on the jury lists, the chief of police testified that these are maintained by him pursuant to an administrative order. They would therefore initially appear to fall within the definition of public records given above. However, 1969 Perm. Supp., C.R.S. 1963, 113-2-4(2)(a)(ii) declares that "Records of investigations conducted by, . . . any sheriff, district attorney, police department, *or any investigatory files compiled for any other law enforcement purpose*" (Emphasis added.) shall not be open to inspection "on the ground that disclosure to the applicant would be contrary to the public interest." If any one principle can be said to emerge from the myriad of "public

records" cases to which we have been referred and which our research has disclosed, it is this: Whether a record is to be regarded as a public record in a particular instance will depend upon the purposes of the law which will be served by so classifying it. A record may be a public record for one purpose and not for another. *MacEwan v. Holm,* 226 Ore. 27, 359 P.2d 413. *See* also *Looby v. Lomenzo,* 60 Misc. 2d 16, 301 N.Y.S. 2d 163.

■ Within the context in which these records or extracts therefrom are used, it is our view that the actual police records and files sought here would fall within the prohibitions on disclosure enumerated in 1969 Perm. Supp., C.R.S. 1963, 113-2-4(2)(a)(ii). There is evidence in the record indicating that the actual files and records contain more than just a record of convictions for the individual named. They also contain certain investigatory information concerning the individual, including complaints received from or about the person, his arrest record, and other information about the person from a variety of sources, including informants. The disclosure of such information to either the defense or prosecution in the circumstances here under consideration goes far beyond the stated purposes for which the jury lists are used by the prosecution and would be used by the petitioners as public defenders, if made available to them. The trial court was therefore correct in denying access to these files and records under the public records law.

However, as we view the request of the petitioners, they were seeking no more from these records than what was provided to the district attorney. As thus framed, the request of the petitioners is eminently reasonable, just and fair. In our view, the reasons advanced for denying these annotated lists of prospective jurors to the public defender's office, or, for that matter, to any defense attorney, are completely devoid of merit.

■ Once these lists are given to the prosecution, they can no longer be classified as "internal matters," or as affecting only the internal operations of the police department. In this regard, *see* generally, *United States v. Mackey,* D.C., 36

F.R.D. 431 (1965) and *United States v. Hasiwar,* 299 F. Supp. 1053 (S.D.N.Y. 1969). Neither are they in any conceivable way "work product." *United States v. Anderson,* 34 F.R.D. 518 (1963); *Richards-Wilcox Manufacturing Co. v. Young Spring & Wire Corp.,* 34 F.R.D. 212 (1964).

■ The not altogether unspoken assumption underlying the position of the district attorney and the chief of police appears to be the unwarranted view that the employees of the public defender's office would use these lists in some improper or illegal manner. Not only are both the district attorney's office and the public defender state agencies, but, far more importantly, the attorneys employed by both offices are members of the bar of this state and officers of the court. Therefore, all have an ethical and legal duty to use any such information in an ethical and legal manner. There is absolutely no more basis for an assumption by this court or by the trial court that the public defender would make any improper use of the information than there is for assuming that the district attorney would make any such improper use. In this respect, the two offices must be treated as equals, each having the same ethical and legal responsibilities to the court and to the public at large. As to the extracted information, both the district attorney and the public defender are likewise to be treated as equals. The very arguments the respondent herein relies upon are defeated by his admission that the same information which he has denied to the public defender is regularly made available to private employers, businessmen, and other commercial enterprises. We can perceive far more reason to deny such information to these persons than to deny it to defense attorneys ethically charged with defending their clients to the best of their abilities.

We note that the chief of police apparently had no objection to supplying the requested lists to the public defender until he conferred with the district attorney. We should think that the district attorney's office would have more important matters to handle than to engage in prolonged litigation on an issue the district attorney could

have promptly resolved by furnishing the public defenders with the same information which the district attorney had received from the chief of police. Also, we find it necessary to comment about the trial judge's failure, when confronted with this unfortunate situation, to utilize his best efforts and judicial authority to bring this needless controversy to an immediate and proper end.

We hold that the police department files and records requested herein are not public records within the definition of that term contained in 1969 Perm. Supp. C.R.S. 1963, 113-2-2(2). However, defense attorneys are entitled to obtain this type of information from the prosecution in accordance with Crim. P. 16(c) if such information is in the possession of the prosecution. The requirements of fundamental fairness and justice dictate no less.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.