The Attorney General is in receipt of your request for an Opinion wherein you ask the following question, in effect: Are "Criminal Histories", which are kept by the Oklahoma State Bureau of Investigation, public records within the purview of 51 O.S. 24 [51-24] (1971), and, therefore, open to public inspection ? Title 51 O.S. 24 [51-24] (1971) states as follows: "It is hereby made the duty of every public official of the State of Oklahoma, and of its sub-divisions, who are required by law to keep public records pertaining to their said offices, to keep the same open for public inspection for proper purposes, at proper times, and in proper manner to the citizens and taxpayers of this State, and its subdivisions, during all business hours of the day; provided, however, the provision of this act shall not apply to Income Tax Returns filed with the Oklahoma Tax Commission, or other records required by law to be kept secret." "Criminal Histories" are files kept by the Oklahoma State Bureau of Investigation under the authority of 74 O.S. 50.2 [74-50.2], 74 O.S. 150.9 [74-150.9] and 74 O.S. 150.12 [74-150.12] (1976). These statutes empower the Oklahoma State Bureau of Investigation to compile files on individuals who are fugitives from justice or who have been arrested for felonies and various offenses involving stolen goods, explosives, firearms and counterfeiting, and other well known or "habitual" criminals. The "Criminal History" files contain information concerning fingerprints, photographs, arrest or "rap" sheets, arrest warrants and information from the Department of Corrections. Title 74 O.S. 150.12 [74-150.12] (1976) prohibits the compilation of files for persons who have been arrested for ordinary misdemeanors. Another statute, 74 O.S. 150.5 [74-150.5] (1976), states that all records relating to "any investigation conducted by the Bureau" shall be confidential and not open to the public. In the same section, the law provides that unauthorized disclosure of any information contained in the confidential files of the Bureau shall be a misdemeanor. However, it is apparent that this statute applies only to those investigations initiated at the request of those officials enumerated in 74 O.S. 150.4 [74-150.4] and 74 O.S. 150.5 [74-150.5] [74-150.5] (1976). To interpret this statute otherwise would prevent the dissemination of criminal histories information to law enforcement agencies throughout the state. It is, therefore, the opinion of the Attorney General that the confidentiality provisions of 74 O.S. 150.5 [74-150.5] (1976) do not apply to the above mentioned criminal history files. The question then remaining is whether the criminal history files are public records as defined by 51 O.S. 24 [51-24] (1971). At the present time, Oklahoma lacks a statute similar to the federal Freedom of Information Act, 5 U.S.C.A. 552. This statute was enacted by Congress in 1966 and amended in 1974 to Promote public access to federal information. See 66 Am. Jur. 2d Records and Recording Laws, 33 et seq. With regard to the Oklahoma law, judicial interpretation of 51 O.S. 24 [51-24] has been virtually non-existent and the guidance as to the scope of this statute has come almost exclusively from Attorney General's Opinions. Op.Att'y. Gen. No. 76-332; Op. Att'y. Gen. No. 76-118; 8 Op. Att'y.Gen. No. 75-218; 5 Op. Att'y. Gen. No. 72-194; 5 Op. Att'y. Gen. No. 72-181; Op.Att'y. Gen. No. 68-156. In dealing with the problem of what constitutes a "public record" which is available to inspection by all members of the public, the law generally recognizes that public policy considerations are paramount. See State Open-Record Laws, 73 Michigan Law Review at 1170 (1975). In State ex rel Research Institute et al. v. Nix, 195 Okla. 176,155 P.2d 983 (Okla. 1944), the Supreme Court of Oklahoma, while not mentioning 51 O.S. 24 [51-24] (1971), held that it was the public policy of this State to allow the citizen and taxpayer much latitude in inquiring into the conduct of the fiscal affairs of his government. That Court has never spoken on the question of whether criminal investigatory files are public records. In determining the definition of "public record", it should be noted that the mere fact that writing is in the possession of a public officer or public agency does not make it a public record. It is the nature and purpose of the document, not the place where it is kept, which determines its status. 66 Am. Jur. Records and Recording Laws 3. A record may be public for one purpose and not for another and whether it is so in the particular instance would depend upon the purposes of the law which will be served by so classifying it. 66 Am.Jur. Records and Recording Laws 1. In Looby v. Lomenzo,60 Misc.2d 16, 301 N.Y.S.2d 163 (1969), the Court commented: "In the absence of a statute expressly stating that the items sought to be examined are public records, the nature and purpose of the record and possibly custom and usage must be the guides in determining whether a record is a public record." It is obvious that the purpose of the statutes authorizing the compilation of criminal history files is to aid in the detection and apprehension of criminals. In 66 Am.Jur.2d, Records and Recording Laws 27 it is stated: "The right of inspection does not extend to all public records or documents, for public policy demands that some of them, although of a public nature, must be kept secret and free from common inspection, such as diplomatic correspondence and letters and dispatches in the detective police service, or otherwise relating to the apprehension, prosecution, and detention of criminals." (Emphasis added) In 76 C.J.S. Records 36 it was summarized: "On the other hand, various records have been held not subject to inspection, including . . . records in the offices of those charged with the execution of laws relating to the apprehension, prosecution, punishment, or parole of criminals . . ." Further inquiry reveals that the overwhelming majority of jurisdictions prevent public access to police files which contain criminal records and histories. See Annot. Public Access to Police Records, 82 A.L.R.3d 19-25. In Losavio v. Mayben, 496 P.2d 1032 (Colo. 1972) the Supreme Court of Colorado, in discussing a section of Colorado's public records law which exempted records of law enforcement investigations from public disclosure stated: ". . . we agree in general that police records showing past arrest convictions, and other convictions should not be open to the scrutiny of the public at large." 496 P.2d at 1033. See, also Glow v. Florida, Fla.App., 319 So.2d 47 (1975); Town Crier, Inc. v. Chief of Police of Weston, 361 Mass. 682,282 N.E.2d 379 (1972); Black Panther Party et al. v. Kehoe,42 Cal.App.3d 645, 117 Cal.Rptr. 830 (1974); Cf. Houston v. Rutledge, 237 Ga. 764, 299 S.E.2d 624 (1976). In Younger v. Berkeley City Council, 45 Cal.App.3d 825,119 Cal.Rptr. 830 (1975) the California Court of Appeal, First District, Division 1, in invalidating a city ordinance which allowed citizens access to state criminal records held: "Here, by their very content, the criminal records compiled by the State Department of Justice are independently entitled to exemption." Perhaps the leading case on the question of whether investigatory files should be open to public scrutiny is Houston Chronicle Publishing Co. v. City of Houston, 531 S.W.2d 177 (Tex.Civ.App. 1975) aff'd, 536 S.W.2d 561 (Tex. 1976), 82 A.L.R.3d 1. There the Court of Civil Appeals of Texas held that the Personal History and Arrest Records were maintained for internal use by law enforcement agencies and were not public records. It is apparent that the criminal history files compiled by the Oklahoma State Bureau of Investigation are maintained to aid in the investigation and apprehension of criminals and are, therefore, used for internal police work by law enforcement agencies. Even the liberalized federal Freedom of Information Act contains a specific exemption from disclosure for "investigatory records compiled for law enforcement purposes".5 U.S.C.A. 552(b)(7). It is, therefore, the opinion of the Attorney General that "Criminal Histories" are not public records under 51 O.S. 24 [51-24] (1971) and are not open to the general public for inspection. (David W. Lee) ** SEE: OPINION NO. 79-172 (1979) **