The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Are index and record books in the county clerk's office public records open to public inspection and filming? Clearly, "index books and record books" you refer to are public records. 76 C.J.S. Records, 1, p. 112 (1952); In Re Estate of LaSarge, Okl., 526 P.2d 930
(1974). As such, these records must be maintained in compliance with the Public Record Law, 51 O.S. 24 [51-24] (1971), which reads as follows: "It is hereby made the duty of every public official of the State of Oklahoma, and of its subdivisions, who are required by law to keep public records pertaining to their said offices, to keep the same open for public inspection for proper purposes, at proper times and in proper manner, to the citizens and taxpayers of this State, and its subdivisions, during all business hours of the day; provided, however, the provisions of this act shall not apply to Income Tax Returns filed with the Oklahoma Tax Commission, or other records required by law to be kept secret." This act has been the subject of several fairly recent Attorney General Opinions (Attorney General Opinion 78-146 1978, Attorney General Opinion 76-118 1976, Attorney General Opinion 75-218 1975). The Attorney General has consistently answered that public inspection of public records, pursuant to the above quoted section, must be allowed. However, there seems to be an exception as to the indexing system maintained by a county clerk. The Supreme Court of Oklahoma in the case of Application of Richardson, 199 Okl. 406, 184 P.2d 642
(1947), held that the Legislature, in enacting statutes governing the practice of abstracting in the State of Oklahoma, 1 O.S. 1 [1-1] (1971) et seq., and supplement, could, constitutionally, prohibit a prospective abstractor from copying the indexing system maintained by the county clerk. The Court stated the public policy reasons therefor (protection of the public from the making of abstracts by the use of insufficient records). All other "citizens and taxpayers of this State, and its subdivisions" have the right to inspection "for proper purposes, at proper times and in proper manner." 51 O.S. 24 [51-24] (1971). A "proper manner" of inspection of public records has been held to include making copies of the documents. Attorney General Opinion 66-292 (1966); Attorney General Opinion 76-373 (1976). See State v. Nix, 195 Okl. 176, 155 P.2d 983
(1944) Court allowed plaintiffs to "take copies of such claims" 155 P.2d at 983. All authorities cited herein have recognized the county clerks' duty to preserve their records and their concomitant supervisory control to assure general public access. However, the county clerks may not deny access to public records (with the one limited exception of prospective abstractors as outlined above). It is, therefore, the official opinion of the Attorney General that the county clerks of Oklahoma must allow inspection, including copying, of index and record books by all persons (other than prospective abstractors, 1 O.S. 13 [1-13] (1971)) subject only to their duty to protect public records in their custody from abuse or destruction. (William Roy Holton Jr.)